## DEUEL v. CHICAGO, B. & Q. R. CO.

(District Court, S. D. California, S. D. October 18, 1918.)

### No. 97.

1. REMOVAL OF CAUSES ⬉3—ACTION FOR INJURY TO RAILROAD EMPLOYÉ—EMPLOYERS' LIABILITY ACT.

An action for injury to a railroad employé, while assisting in raising an engine, which had fallen into the pit of a turntable used by defendant in turning its engines employed in interstate traffic, one purpose of the work being to clear the track for such traffic, is one arising under the federal Employers' Liability Act (Comp. St. 1916, §§ 8657–8665), and under section 6 of said act, as amended by Act April 5, 1910, § 1 (Comp. St. 1916, § 8662), is not removable from a state court.

2. REMOVAL OF CAUSES ⬉102—MOTION TO REMAND—EFFECT OF DECISION OF STATE COURT.

That a state court granted a petition for removal of an action for injury to a railroad employé does not affect the duty of the federal court to remand the cause, where it appears that it is one arising under the federal Employers' Liability Act (Comp. St. 1916, §§ 8657–8665), and not removable.

At Law. Action by Hiram P. Deuel against the Chicago, Burlington & Quincy Railroad Company. On motion to remand to state court. Motion granted.

Thos. Scott and Thos. Scott, Jr., both of Bakersfield, Cal., for plaintiff.

James E. Kelby, of Los Angeles, Cal., for defendant.

BLEDSOE, District Judge. [1] The motion to remand to the state court in this case I believe to be well taken. The plaintiff was injured while assisting in the raising of one of defendant's engines, which had fallen into a pit in which a turntable of defendant, "used for the purpose of turning its engines and locomotives used by it in interstate traffic," was situated and operated.

---

⬉For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In this view of the case, the labor of plaintiff in the removal of the engine from the pit was a clearing of a part of defendant's track used for interstate traffic, or it was the repair of an instrumentality of defendant used in interstate traffic. Under such circumstances, the case falls within the decisions in Southern Railway Co. v. Puckett, 244 U. S. 571, 37 Sup. Ct. 703, 61 L. Ed. 1321, Ann. Cas. 1918B, 69, and Pedersen v. Delaware, Lackawanna & Western Railway Co., 229 U. S. 146, 33 Sup. Ct. 648, 57 L. Ed. 1125, Ann. Cas. 1914C, 153.

If the labors of plaintiff had been confined to a repair or raising of the engine merely, and had not had to do with the ultimate task and purpose of clearing a portion of its track permanently devoted to interstate commerce, the decision in Minneapolis & St. Louis Railway v. Winters, 242 U. S. 353, 37 Sup. Ct. 170, 61 L. Ed. 358, Ann. Cas. 1918B, 54, would have been controlling. However, I am of the opinion that, that case is clearly distinguishable, for the reasons hereinabove adverted to.

[2] Defendant makes the point that since, under the act of Congress (Compiled Statutes 1916, §§ 8657–8665), the state courts and the federal courts have concurrent jurisdiction in actions arising under the Federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65), the action of a state court in removing a case to a federal court on the ground of diversity of citizenship, presumptively thereby determining that the action is not one prosecuted or prosecutable under the federal act, is conclusive, and that this court may not, in any wise, sit in appellate judgment, so to speak, upon the state court's conclusions. No authority is cited in support of this contention, and apparently it is in direct opposition to the uniform practice obtaining in such proceedings. I am persuaded it is the duty of the federal courts to remand cases arising under this particular statute no less than in other instances, where they have been erroneously removed. See Kansas City Southern Railway v. Leslie, 238 U. S. 599, and the cases cited therein with approval, appearing on page 602 et seq., 35 Sup. Ct. 844, 59 L. Ed. 1478.

The motion to remand to the superior court of Kern county is hereby granted.