JOHN C. GRANGER, PLAINTIFF-APPELLEE, v. PENNSYLVANIA RAILROAD COMPANY, DEFENDANT-APPELLANT

Submitted December 9, 1912—Decided March 3, 1913.

The plaintiff was struck, while in the employ of the defendant, a railroad company, by a car running on the tracks of the defendant company, which were used for the transportation of interstate and intrastate commerce as the needs of the company required. The car which struck the plaintiff and caused the injuries upon which his action was based was not at the time being used for the purposes of transportation of freight, nor did it appear in the case that the movement of the car had any immediate relation to the making up of a train for the purpose of engaging in interstate commerce. At the time of the injury the plaintiff was placing a cover over a switch mechanism which he had just oiled, according to a direction given him by his superior officer,

and was standing so near the track that he was struck by the car. The right of the plaintiff to recover under his pleadings depended upon the question whether the act of congress entitled "An act relating to the liability of common carriers by railroad to their employes in certain cases" can be applied to these facts. *Held*, that neither the car nor the plaintiff was engaged in interstate commerce within the meaning of the act evoked.

On error to the Supreme Court.

For the appellant, *Vredenburgh, Wall & Carey.*

For the appellee, *Tennant & Haight.*

The opinion of the court was delivered by

BERGEN, J. The plaintiff was the servant of the defendant, and at the time when he was injured, for which he brings this suit, he was engaged, under the direction of his superior officer, in placing a cover over the mechanism of a switch which he had just oiled. This switch connected two lines of track, one used for freight and the other for passenger trains, for either interstate or intrastate commerce, according to the business necessities of the defendant, and while so engaged, plaintiff was struck and injured by a car which had been propelled with sufficient force to send it running alone, along the eastbound freight track. No warning was given the plaintiff, at least not in time to permit him to avoid the car.

The plaintiff in his declaration rests his action to recover upon the act of congress of the United States of America, entitled "An act relating to the liability of common carriers by railroad to their employes in certain cases," and the supplements thereto and amendments thereof.

The plaintiff had judgment for $1,250, from which the defendant appeals for two reasons—*first*, that the action was not sustainable under the aforesaid act of congress, and therefore the trial court committed an error in refusing the motion of the defendant for a direction in its favor; *second*, that the defendant was not negligent, but the disposition which we have

340    COURT OF ERRORS AND APPEALS.

Granger v. Penna. Railroad Co.    *84 N. J. L.*

made of this case does not require the consideration of the second reason.

We are unable to find any testimony in the cause which permits an inference to be drawn that the car which caused this injury was then in use, or in preparation for use, in interstate commerce, or that the plaintiff was then engaged in an occupation which had any relation to such commerce within the meaning of the federal act. The car which struck the plaintiff and caused the injuries upon which this action is based was not at the time being used for the purpose of transportation of freight, nor did it appear in the case that the movement of the car had any immediate relation to the making up of a train for the purpose of interstate commerce. And so far as the occupation of the plaintiff is disclosed by the testimony, he was simply repairing an instrument of commerce which "is used sometimes in interstate and sometimes in intrastate transportation," and this we have held is not an engaging in interstate commerce. *Pierson* v. *New York, Susquehanna and Western Railroad Co.,* 54 *Vroom* 661. The case under review is controlled by the case last cited, and therefore the defendant in this case was entitled to a direction in its favor, the refusal of which was an error requiring the reversal of this judgment. It is proper to add that the ruling made by the trial court, which is here held to be error, was applied before the determination of the case last cited, and the trial court, when called upon to rule, did not have advantage of the conclusion reached by this court in that case.

The judgment will be reversed and a new trial ordered.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Garrison, Swayze, Trenchard, Parker, Bergen, Minturn, Kalisch, Bogert, Vredenburgh, Congdon, Treacy, JJ. 13.