REGINA LINCKS, ADMINISTRATRIX, APPELLANT, v. ERIE
RAILROAD COMPANY, RESPONDENT.

Submitted July 10, 1916—Decided March 4, 1918.

1. Although the constitution of the United States has conferred on
congress the power to regulate the liability of an interstate carrier
for injuries suffered by an employe in the course of his general
work, whether the particular service being performed at the time
of the injury, isolatedly considered, was in interstate or intrastate
commerce, nevertheless congress has not exercised this power
to the full extent in the Federal Employers' Liability act, but
has only regulated the liability of the carrier to its employe while
the latter is employed by such carrier in interstate commerce.

2. The test of whether an action for compensation is properly brought
under the Federal Employers' Liability act is whether or not the
particular work upon which the employe was engaged at the very
time of the accident was a part of the interstate commerce in
which the carrier was engaged.

On appeal from the Supreme Court.

For the appellant, *Frank G. Turner*.

For the respondent, *George S. Hobart*.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.    Henry W. Lincks, who was
an employe of the respondent, the Erie Railroad Company,
was killed on December 24th, 1914, in the company's Jersey
City yard, while engaged in the duties of his employment.
The appellant, who is his administratrix, filed a petition in
the Hudson County Court of Common Pleas to recover re-
muneration for his death under the New Jersey Workmen's
Compensation act. Chapter 93, laws of 1911. The company
in its answer filed to the petition set up as its principal de-
fence that it was an interstate carrier and that the plaintiff's
intestate at the time of his death was employed by the com-

pany in such commerce; and that therefore the petitioner's sole remedy was under the Federal Employers' Liability act of 1908. The finding of the court was that the deceased at the time of the accident was not engaged in a service which was part of interstate commerce, and therefore awarded the plaintiff the compensation allowed under the New Jersey statute. The respondent company thereupon appealed to the Supreme Court; and that tribunal, after an examination of the testimony sent up on the appeal, determined that the finding of the Common Pleas that the deceased was not engaged in interstate commerce at the time of his death had no support in the testimony submitted, but that, on the contrary, the proofs demonstrated that he was then engaged in such commerce. This fact being found by the court of review, the judgment below was reversed upon the ground that the petitioner's only remedy was under the federal statute. The present appeal is from the judgment of the Supreme Court.

The decedent was employed by the railroad company in its yard at Jersey City. His principal duty was to take care of the cab lights upon the various engines which came into the yard and keep them in proper condition for use. Some of these engines were used in interstate and others in intrastate commerce. It may be inferred from the testimony that the decedent was run down and killed while crossing one of the yard tracks on his way from an engine, the lamps of which he had been putting in order, to another, the lamps of which needed care. There is absolutely nothing in the testimony, however, to show whether the engine upon which he had just completed his work or the engine to which he was going was engaged in interstate or intrastate commerce. It is true that the yard was devoted to both kinds of commerce, but that fact is immaterial. In the case of *Illinois Central Railroad* v. *Behrens, Administrator,* 233 *U. S.* 473, the plaintiff's intestate was a member of a crew attached to a switch engine operated exclusively on that part of the railroad company's line which was located within the city of New Orleans. The crew of this engine handled interstate and intrastate traffic

indiscriminately, frequently moving both at once, and at times turning directly from one to the other. Plaintiff's decedent was killed in a headon collision while engaged with others of the engine crew in moving several cars loaded with freight which was wholly intrastate. Upon completing that move-. ment the crew was to have gathered up and taken to other points several other cars as a step or link in their transportation to various destinations within and without the state. The question to be determined was whether, upon the facts recited, the intestate at the time of his fatal injury was employed in interstate commerce within the meaning of the Federal act. The United States Supreme Court, after declaring that under the power confided to congress by the commerce clause of the constitution, the liability of an interstate carrier for injuries suffered by a member of the crew in the course of his general work, was subject to regulations by congress, whether the particular service being performed at the time of the injury, isolatedly considered, was in interstate or intrastate commerce, then pointed out that congress had not exercised this power to the full extent authorized, but had only regulated the liability of the carrier to its employe while the latter was employed by such carrier in interstate commerce. In other words, that by the language employed in the federal statute it was clear that congress intended to confine its action solely to injuries occurring when the particular service in which the employe was engaged was a part of interstate commerce. Having thus declared the scope of the statute the court then held that the plaintiff's intestate, having been engaged at the time of his fatal injury in moving cars all loaded with intrastate freight from one part of the city to another, was not then employed in interstate commerce, and that, consequently, the injury and resulting death were not within the federal statute. This case, we think, controls the one now before us. Congress has not imposed upon the carrier liability to the employe merely because the general work of the latter involves both interstate and intrastate commerce. The test is whether the particular work upon which the employe was

engaged at the very time of the accident was a part of the interstate commerce in which the carrier was engaged. The fundamental question to be now decided, therefore, is whether the engine upon which the decedent had just finished his work, or that upon which he was about to commence his work, was, either of them, intended to be presently used in interstate or in intrastate commerce. If, in the former, the carrier's liability is to be determined solely under the federal statute; if in the latter, then the state statute applies. As we have already pointed out, there is absolutely no testimony whatever upon this vital point. This being so, neither the judgment of the Common Pleas nor that of the Supreme Court has any foundation of fact upon which to rest. The burden was upon the petitioner in the court of first instance to prove a case within the state statute—that is, to show, affirmatively, that the plaintiff's decedent was engaged in a service which was not regulated by the federal statute, for that fact is not to be presumed in the absence of proof.

The judgment of the Supreme Court reversing that of the Common Pleas, and remitting the record to that court to be proceeded with according to law, was therefore proper. Upon receiving the record, however, the Court of Common Pleas should proceed to retry the case along the lines indicated in this opinion rather than under the rule declared by the Supreme Court.

The judgment will be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, PARKER, BERGEN, MINTURN, KALISCH, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 12.

*For reversal*—None.