## IDA M. PRICE, ADMINISTRATRIX OF JOHN H. PRICE, DE-CEASED, APPELLANT, v. CENTRAL RAILROAD OF NEW JERSEY, RESPONDENT.

Submitted December 10, 1923—Decided March 3, 1924.

An employe of a railroad company engaged in interstate and intra-state commerce, who met his death while engaged in repairing one of the defendant's cars, which car was not in actual use in transportation at the time the accident occurred, was not killed in interstate commerce, although the car when in operation was used both in intra and interstate commerce.

---

On appeal from the Supreme Court.

For the appellant, *Frederick M. P. Pearse* and *Daniel W. Applegate.*

For the respondent, *William A. Barkalow, DeVoe Tomlinson* and *George Holmes.*

The opinion of the court was delivered by

MINTURN, J. At the Circuit a judgment of nonsuit was ordered. The question presented is the narrow one, whether under the facts presented the legal status of the appellant's intestate was that of a workman employed in intra or inter-state commerce. He was employed by the defendant as a car inspector and repairer, at Jersey City, and between three and four o'clock in the afternoon of May 11th, 1920, met his

death while engaged in repairing one of defendant's cars, by the colliding of other cars with the one upon which he was engaged at work. The car upon which he was working was not engaged in any specific line of transportation, but was used in both intra and interstate commerce, as occasion might require. Its most recent run was on the morning of the accident, from Cranford to Jersey City, at which time it carried through passengers to New York City, via of the ferry-boats from Jersey City. The question thus presented is not *res nova*, either in this jurisdiction or in the federal courts. The test supplied by all the adjudications of both jurisdictions is that indicated in the controlling federal case of *Pedersen* v. *D., L. & W. R. R. Co.*, 229 *U. S.* 146, followed by *Industrial Accident Co.* v. *Davis*, 259 *Id.* 182, supplemented by *Herzog* v. *Hines*, 95 *N. J. L.* 98, by this court, viz., whether the employe at the time of the accident was actually engaged in interstate commerce, or in an employment incident to and so closely related to it as to become a part of interstate commerce. That rule has received its most recent and practical application in this court in the Herzog case, which presented a state of facts substantially similar to those comprehended in the case at bar, wherein the present Chief Justice declared that "An employe of a common carrier who is injured while at work, in repairing rolling stock of the carrier, and which is out of use for the purpose of having the repairs made, is not injured while engaged in interstate commerce, and consequently is not entitled to the remedy afforded by the Federal Employers' Liability act." The language thus employed is practically applicable to and dispositive of this case, and upon the doctrine of *stare decisis* is controlling here.

The judgment will therefore be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, HEPPENHEIMER, GARDNER, VAN BUSKIRK, CLARK, JJ.   13.

*For reversal*—None.