HARRIET A. BISSETT, RESPONDENT, v. LEHIGH VALLEY
RAILROAD COMPANY, PROSECUTOR.

Submitted October 15, 1925—Decided January 15, 1926.

B. was an employe of a railroad company. His work was the re-
pairing of engines and cars in the yard of the company. An
engine used only for the shifting of cars from one place to another
within the yard, while being so used, developed pump trouble.
It was detached from all cars and taken to a track for repairs.
B., while working upon the engine, fell to the ground and sus-
tained injuries resulting in death. After the accident to B. the
temporary repairs were finished by B.'s helper and the engine
was placed in service. *Held*—(1) that a finding of fact in an
application by B.'s widow for compensation that B. was not at
the time of the accident engaged in interstate commerce, had
from the facts stated evidence to support it; (2) that where a
trial court's finding as to fact is supported by evidence it will
not be disturbed; (3) that the trial court was justified in find-
ing from the evidence that the fall sustained by B. was an acci-
dent.

---

On writ of *certiorari* to the Essex County Court of Com-
mon Pleas.

Before Justices TRENCHARD, KATZENBACH and LLOYD.

For the prosecutor, *Hobart & Minard* (*George S. Hobart,* of counsel).

For the respondent, *Kalisch & Kalisch* (*Isidor Kalisch,* of counsel).

The opinion of the court was delivered by

KATZENBACH, J. This case is before this court upon a writ of *certiorari* directed to the Court of Common Pleas in and for the county of Essex. The writ brings up the record in a workmen's compensation case. On January 30th, 1923, Burt A. Bissett was an employe of the Lehigh Valley Railroad company. He was foreman at a round house in the Oak Island yard of the Lehigh Valley Railroad Company near Newark, New Jersey. His work was the repairing of engines and cars. In the yard there was an engine used for making up trains. The engine did not leave the yard. It was used only for shifting cars from one place to another in the yard. On January 30th, 1923, this engine, while being used, developed pump trouble. It required repairs. The engineer and fireman so informed Bissett. He told them to place the engine upon track No. 1, which was a track used for placing engines or cars in need of repairs. This track was also used for the usual yard purposes. The engine was placed on this track. Bissett climbed up on the engine for the purpose of making repairs to the pump. While thus engaged he fell from it a distance of twelve to fourteen feet and received injuries from which he died on March 5th, 1923. A helper who had been working with Bissett finished the repairs after the accident. The engine was then again placed in service upon the work, which was interrupted by the pump trouble. The repairs made by Bissett's helper were temporary. The engine was on the day following taken to Jersey City for permanent repairs.

Bissett's widow filed a petition with the workmen's compensation bureau for compensation. A hearing was had before Deputy Commissioner Goas. He held that Mrs. Bissett had sustained the burden of proving that at the time

of the accident Bissett was employed within the provisions of the Workmen's Compensation act; that the accident to Bissett and his resulting death arose out of and in the course of his employment, and that the petitioner was entitled to compensation. An appeal was then taken to the Essex County Court of Common Pleas. Upon the testimony taken before the deputy commissioner the Court of Common Pleas affirmed the award of compensation. The Lehigh Valley Railroad Company then made application for a writ of *certiorari* to bring the case to this court for review. The writ was allowed.

The prosecutor advances two grounds for reversing the judgment of the Essex County Court of Common Pleas. The first is that Bissett at the time of the accident was engaged in interstate commerce, and was not, for that reason, within the provisions of the Workmen's Compensation act, and that the petitioner (Mrs. Bissett) did not sustain the burden of proof cast upon her of showing that her husband was within the provisions of said act at the time he received his fatal injury.

The second ground advanced by the prosecutor is that the finding that Bissetts's death was the result of an accident was not justified by the evidence. The second ground we think not difficult of disposition. The evidence is that Bissett, after working some twenty or thirty minutes on the engine, fell, became unconscious, and was taken to the hospital. The workmen who testified to his fall could not tell what was the cause of the fall. The prosecutor argues from this that it must have occurred through illness or faintness. There is no testimony that Bissett was ill or subject to fainting spells. We think from the testimony as to the fall, and the absence of any testimony tending to show that Bissett had any tendency to fall through faintness, that the court was justified in drawing the inference from the facts heretofore recited that the fall sustained by Bissett was an accident.

The question as to whether or not Bissett at the time of the accident was engaged in interstate commerce, and hence

not within the provisions of the Workmen's Compensation act, presents a difficult question for decision. The answer seems to us to depend upon whether or not the engine upon which Bissett was working at the time of the accident was then in use in interstate commerce or had been withdrawn from service. If it had been withdrawn from service then this case falls within the doctrine of several cases recently decided in the courts of this state. The leading case in this state on this subject is *Herzog* v. *Hines, Director General, &c.,* 95 *N. J. L.* 98. In this case Herzog was employed in the New Durham yards of the West Shore Railroad Company as a car repairer. The yard was used for the making up of freight trains, both interstate and intrastate, for the storage of cars, and for the repair thereof. Herzog was repairing a freight car. He was called from his work to look at another car which had just been repaired. Upon his return to the car upon which he was working he attempted to crawl under one of several cars which were coupled. At that moment the cars were moved. Herzog was injured. He instituted a suit to recover damages for his injuries under the Federal Employers' Liability act. It was necessary in that action for Herzog to show that he was engaged at the time of the accident in interstate commerce. The trial court held he had in this respect failed in his proof. A nonsuit was entered. This judgment of nonsuit was affirmed by the Court of Errors and Appeals. The ground of the decision was that while the repair work was being done to an instrument of commerce, yet at the time of the accident the car was entirely out of commission. The opinion in the Herzog case cites a case decided in the United States Supreme Court. *Minneapolis, &c., Railroad Co.* v. *Winters,* 242 *U. S.* 353. The facts in that case are quite similar to the facts in the present case. In the Winters case the plaintiff received his injury while repairing a locomotive engine. The engine had been used in interstate commerce before the accident happened, and was so used afterward. There was nothing, however, to show that it was permanently devoted to such commerce. It was held that the facts did not present a case

within the federal act. The court said: "It is not like the matter of repairs upon a road permanently devoted to commerce among the states. An engine, as such, is not permanently devoted to any kind of traffic, and it does not appear that this engine was destined especially to anything more definite than such business as it might be needed for. It was not interrupted in an interstate haul to be repaired and go on. It simply had finished some interstate business and had not yet begun upon any other. Its next work, so far as appears, might be interstate or confined to Iowa, as it should happen. At the moment it was not engaged in either. Its character as an instrument of commerce depended on its employment at the time, not upon remote probabilities or upon accidental later events."

The Herzog case was followed in the Court of Errors and Appeals by the case of *Price* v. *Central Railroad of New Jersey,* 99 *N. J. L.* 425. In this case an employe of the Central Railroad Company was killed. He met his death while engaged in repairing a car. The car upon which he was working was not engaged in any specific line of transportation, but was used in both interstate and intrastate commerce, as occasion might require. It was held in this case that the employe at the time of the accident was not engaged in interstate commerce.

This case was followed in the same court by the case of *Jayson* v. *Pennsylvania Railroad Co.,* 101 *N. J. L.* 159. In this case Jayson had his left eye injured while driving a spike upon a car at the shops of the Pennsylvania Railroad Company at Kearny, New Jersey. The car had been withdrawn from use in order that the repairs thereto might be made. The injured man presented a petition for compensation to the workmen's compensation bureau. Upon the facts presented, as stated, it was held that he was engaged in intrastate commerce at the time of the accident. This decision was affirmed by the Court of Errors and Appeals. In the federal courts are similar decisions.

In the present case the Essex County Court of Common Pleas found as a fact "that at the time of the accident Burt

Bissett was engaged in the repair of an engine wholly separated from any cars not engaged in any commerce, but withdrawn therefrom for repairs. That the engine was not interrupted in any interstate haul." In other words, he was not engaged in interstate commerce at the time of the accident.

We think there is evidence in the case which supports this finding. When the pump trouble developed and the engine could not be used without repairs, it was detached from all cars and was taken to track No. 1. It certainly was not then engaged in interstate commerce. It was idle and disabled. It had been withdrawn from the use to which it had been put. It had to be repaired before it could be again used. It was so repaired. During the making of these repairs Bissett was injured.

It is settled that where a trial court's findings of fact are supported by evidence they will not be disturbed. *Kauffield v. G. F. Pfund & Sons, 97 N. J. L. 335.*

The judgment here under review will therefore be affirmed.