NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

JULIUS PASKEVICZ, PETITIONER, v. CENTRAL RAILROAD OF NEW JERSEY, A CORPORATION, RESPONDENT.

For the petitioner, *David T. Wilentz,* through *James F. Patten.*

For the respondent, *Theo J. R. Brown.*

\*    \*    \*    \*    \*    \*    \*    \*

Counsel for petitioner and respondent have stipulated and agreed that the facts of the present case are as follows, viz.:

That petitioner's occupation at the time of the accident complained of was that of car repairer, employed by respondent, Central Railroad of New Jersey, a corporation, in the respondent's yards at Elizabethport, New Jersey. \*  \*  \*, a K. N. P. box car having broken down was towed into the respondent's yards at Elizabethport for repairs. The car was towed onto track No. 6, a track used exclusively for repairing broken down cars and for no other reason. \*  \*  \* Petitioner was ordered by his superior to repair this car. He made preparations to repair this car and started to repair it, but ascertained that before it could be fully repaired it would be necessary to unload the car. Petitioner and others began to unload this car preparatory to repairing it. The cargo of this car consisted of several huge spools of electric cables. The first spool that petitioner endeavored to remove fell upon the petitioner and injured him. Petitioner was compelled to

cease work immediately. Subsequently the spools were unloaded from the K. N. P. car and loaded onto a Central railroad car which left the following evening carrying the spools to their destination in Pennsylvania.

Counsel for petitioner and respondent having submitted the case to the court on the question of law as to whether under the facts as hereinabove set forth petitioner is entitled to recover under the New Jersey Compensation act or whether he was engaged in interstate commerce at the time of the happening of the accident and must therefore bring claim for compensation under the Employers' Liability act, and the court having considered the arguments of counsel,

I do find and determine as follows:

*First.* That petitioner in repairing rolling stock which, at the time was out of use for the purpose of having the repairs made, would not be engaged in interstate commerce. *Price* v. *Central Railroad,* 123 *Atl. Rep.* 756; *Moran* v. *Central Railroad,* 88 *N. J. L.* 730; *Herzog* v. *Hines,* 95 *Id.* 98. The fact that petitioner at the time of the accident was engaged in unloading the car preparatory to continuing the repairs did not take him out of the protection of the New Jersey Workmen's Compensation law. The petitioner's sole purpose in unloading this car was to expedite the repairs upon it, and was an occupation necessarily incident to his duties as car repairer. The fact that interstate commerce was indirectly facilitated by such unloading does not bring petitioner exclusively within the Federal Employers' Liability act. Petitioner was at most engaged in work of a mixed character, that is, work relating to both interstate and intrastate commerce, and consequently is entitled to compensation under the New Jersey Compensation act. *Lincks* v. *Erie Railroad,* 38 *N. J. L. J.* 81. I do therefore find that petitioner's employment at the time of this accident was subject to section 2, chapter 95, laws of 1911, commonly known as the Workmen's Compensation act and the supplements thereto and amendments thereof.

\*     \*     \*     \*     \*     \*     \*     \*

HARRY J. GOAS,
*Deputy Commissioner.*