HARRY H. BREWER, PETITIONER-RESPONDENT, v. PENN-
SYLVANIA RAILROAD COMPANY, A CORPORATION,
RESPONDENT-APPELLANT.

Argued January 22, 1936—Decided February 6, 1936.

Before Justices CASE and BODINE.

For the respondent-appellant, *Theodore Strong, Jr.*

For the petitioner-respondent, *George M. Shipman, Jr.*

BODINE, J. The respondent in this case suffered a perma-
nent injury to an eye. He had been employed for years to
repair air brakes at the Phillipsburg yard of the defendant
company. He had struck a bolt in the air brake mechanism
of a coal car when a particle of steel dislodged by the blow
caused his injury. The car he was repairing had come into
the yard the day before in a defective condition. It was taken
out of the train in which it had moved in interstate commerce
and was placed upon the track where crippled cars were
placed for repair. The next day the petitioner was instructed
to make the repairs. It was then that he suffered the injury.
The car would, of course, be returned to the coal fields in
another state when ready for movement. It bore a ticket to
this effect.

The findings of the bureau, affirmed in the Court of Com-
mon Pleas, must have been based upon proofs indicative that

the injuries were sustained in work of an intrastate character. Otherwise, jurisdiction would not have attached. We think the rulings proper. The car upon which the injured man was working, at the time of his injury, was in no sense an instrument of interstate commerce. It had been withdrawn from commerce until the repairs were made. The car would not be returned to the transportation business until it was put in order. It is not a case where repairs were being made in order that a run in interstate commerce might be completed, but a case where there was a distinct withdrawal for the purpose of repair. The fact that the car would soon be returned for use in the business of interstate transportation is of no significance. Length of time required for repair is too elusive a circumstance upon which to predicate jurisdiction. *Minneapolis and St. Louis Railway Co.* v. *Winters,* 242 *U. S.* 353.

In *Heimbach* v. *Lehigh Valley Railroad Co.,* 197 *Fed. Rep.* 579, an employe was making repairs to an empty car which had been placed upon the siding. Orders for its future movement had not been given. Held, that an employe injured while making repairs is not engaged in interstate commerce. We do not see how the circumstance that the company had given orders as to what should be done with this car after repairs had been made can alter the situation that the car itself was not, at the time the injury was suffered, being used in interstate transportation. We can only conclude that the findings of the bureau and the Court of Common Pleas find support in the proofs (*Hart* v. *Central Railroad Co.,* 106 *N. J. L.* 31; 147 *Atl. Rep.* 733; *affirmed,* 107 *N. J. L.* 190; 151 *Atl. Rep.* 906), and may not be lightly disturbed. See cases collected in *Hanna* v. *Erie Railroad Co.,* 8 *N. J. Mis. R.* 829; 152 *Atl. Rep.* 179.

The writ will be dismissed, with costs.