CHARLES ALBERT, PETITIONER-RESPONDENT, v. CENTRAL RAILROAD COMPANY OF NEW JERSEY, RESPONDENT-PROSECUTOR.

Submitted October term, 1936—Decided March 31, 1937.

Before Justices PARKER and LLOYD.

For the prosecutor, *William F. Hanlon.*

For the respondent, *Gebhardt & Gebhardt.*

LLOYD, J. This is a workmen's compensation case. There was an award to the petitioner and this award was affirmed in the Common Pleas. The question presented is whether at the time the injuries were received by the petitioner he was engaged in intrastate or in interstate employment.

The accident for which the claim was made happened early on Sunday morning, January 14th, 1934, while the employe was repairing a locomotive of the defendant company at Hampton, New Jersey. The engine, No. 765, had on the previous day hauled train No. 251 from Jersey City to Hampton. When the train reached Hampton it was discovered that many of the engine's flues were leaking. The engine was uncoupled from the train at Hampton, the fire drawn and repairs of the leaks undertaken by the petitioner early on the morning of the 14th. In performing this service, which took six hours, he was injured in the eye, and for this claim was made.

The engine involved remained at Hampton until Monday morning, the 15th, when it was coupled to train No. 200 leaving Hampton that morning. This train had passengers

for New York. There was no proof as to whether No. 251 (Saturday's train) had interstate passengers. There was some proof that the engine had been assigned to make the double run on No. 251 from Jersey City to Hampton on the 13th and to return with No. 200 on Monday morning.

The question in the case is of course whether the engine was withdrawn from service or whether it was simply an interruption of a continuing service for the purpose of repair. The commissioner found the former and the Common Pleas found likewise. Whatever may have been the intent, the actual fact seems to have been a definite withdrawal from the service in which it was engaged. It was not temporarily taken out of an interrupted interstate haul. Its service had definitely ended with the completion of its day's run from Jersey City to Hampton. While it might have been intended that it should enter interstate service on the following Monday, there was nothing to determine that it would do so. It depended on the nature and extent of the repairs.

We think the case is controlled by such decisions as those in *Bissett* v. *Lehigh Valley Railroad Co.,* 102 *N. J. L.* 283; 132 *Atl. Rep.* 302; *affirmed,* 103 *N. J. L.* 172; 134 *Atl. Rep.* 915; *Brewer* v. *Pennsylvania Railroad Co.,* 14 *N. J. Mis. R.* 130; 182 *Atl. Rep.* 818, where, as here, the car had been withdrawn from, though intended to continue in interstate service. *Minneapolis and St. Louis Railroad Co.* v. *Winters,* 242 *U. S.* 353.

The test is whether at the moment the instrument of service and the work being done on it are actually in interstate transportation. We think it was not in this case.

The judgment is affirmed, with costs.