STEVENS COAL COMPANY *vs.* MARTIN MANOOGIAN, *d.b.a.* UNITED COAL & WOOD COMPANY, *et al.*

OCTOBER 27, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. This is an action in assumpsit against Martin Manoogian, doing business as the United Coal & Wood Company, and Harry K. Gregory, the acceptor and indorser respectively of a trade acceptance dated November 3, 1933, for $443.98, drawn by the plaintiff and payable to its own order. The case was heard by a justice of the superior court sitting without a jury. Manoogian was defaulted for non-appearance, and a decision, which included interest, was entered against Gregory for $503.68. The case is before us on the latter's exception to the decision of the trial justice.

The issue between the parties is largely one of fact. Its determination depends to a great extent upon the reasonableness of their respective claims and the credibility of the witnesses. The evidence for the plaintiff is substantially to the effect that Manoogian, being indebted to it for coal

previously sold and delivered to him, was threatened by it with legal proceedings unless the overdue account was adjusted in some mutually satisfactory manner. Manoogian thereupon asked for an extension of time by means of a note or trade acceptance, with Gregory as indorser. This suggestion being acceptable to the plaintiff, Manoogian and Gregory went to its office in Boston, Massachusetts, on November 3, 1933, and, after both had discussed the matter with the plaintiff's representative, Manoogian and Gregory signed the trade acceptance in suit, the former as acceptor and the latter as indorser. This trade acceptance was in the ordinary form and was by its terms unconditional. When Manoogian did not pay the acceptance at maturity, due notice of its dishonor was given to the defendant Gregory.

The latter testified that the undertaking to the plaintiff was conditional and not absolute. His testimony was generally to the effect that, although he signed the trade acceptance in question, at the time and place referred to in the plaintiff's evidence, he did so upon the express oral understanding between himself, Manoogian and the plaintiff's representative that the plaintiff was to forthwith extend further credit to Manoogian in the form of two carloads of coal of the value of about $500, so that he could continue doing business, and that he, Gregory, refused to pay the trade acceptance because the plaintiff failed to carry out its part of the agreement with him and Manoogian, thereby causing a lack of consideration. This testimony of Gregory concerning the making of an agreement at the time the trade acceptance was signed was specifically contradicted by the plaintiff's representative.

In explanation of his interest in Manoogian's business, Gregory testified that he had previously indorsed notes for Manoogian to the extent of approximately $2000, that he had advanced money to Manoogian, and that he held a second mortgage for $5000 on Manoogian's house and coal business. No reason appears in the record to explain why

Manoogian failed to appear, either to contest the claim against himself, or as a witness in Gregory's behalf, although the latter contends that the alleged agreement, the breach of which he now sets up in answer to this action, was made in Manoogian's presence and for his benefit.

Gregory's defense that he was not liable in this case, because of failure of consideration, depended upon the establishment of his claim that the trade acceptance indorsed by him was conditional, and that the plaintiff had failed to perform the condition. The trial justice, however, by his decision found that the evidence did not support Gregory's contention on this issue, but that the trade acceptance in question was in fact absolute. Assuming this view, it is clear that the plaintiff's position, that there was sufficient consideration to hold Gregory as indorser on the trade acceptance, is sound. Such a trade acceptance is a negotiable instrument defined as a "draft or bill of exchange drawn by the seller on the purchaser of goods sold and accepted by such purchaser." *Atterbury* v. *Bank of Washington Heights,* 241 N. Y. 231.

By general laws 1923, chapter 227, sec. 30, it is provided that: "Every negotiable instrument is deemed *prima facie* to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value." In sec. 31 of that chapter, it is set out that: "Value is any consideration sufficient to support a simple contract. An antecedent or pre-existing debt constitutes value; and is deemed such whether the instrument is payable on demand or at a future time." See also *Iorio* v. *Brasio,* 21 R. I. 208; *Kendall* v. *Rossi,* 35 R. I. 451; and *White* v. *Plasse,* 51 R. I. 21.

The evidence in the instant case was sharply conflicting. The credibility of the witnesses, especially in the absence of any testimony from Manoogian, became an important consideration. The trial justice had a distinct advantage over us in this respect, as he saw and heard them testify, and his decision on the facts is, therefore, of great persuasive

force. After due consideration of the evidence and all the circumstances that appear of record, we cannot say that the trial justice was clearly in error in finding for the plaintiff.

The exception of the defendant Harry K. Gregory is overruled and the case is remitted to the superior court for the entry of judgment on the decision.

*Max Winograd, William J. Carlos,* for plaintiff.
*Harry J. Weisman,* for defendant.