THOMAS M. FURY, PETITIONER-RESPONDENT, v. NEW YORK AND LONG BRANCH RAILROAD COMPANY, RESPONDENT-APPELLANT.

Submitted May 31, 1941—Decided October 20, 1941.

For the appellant, *Applegate, Stevens, Foster & Reussille* (*John S. Applegate,* of counsel).

For the respondent, *Quinn & Doremus* (*Vincent J. McCue,* of counsel).

The opinion of the court was delivered by

PERSKIE, J. As presently supplemented, the judgment under review should be affirmed, for the reasons expressed in the opinion delivered by Mr. Justice Heher for the Supreme Court.

1. We have not overlooked our holding in the case of *Bryn* v. *Central Railroad Company of New Jersey*, 114 *N. J. L.* 534; 177 *Atl. Rep.* 857; *affirmed*, 115 *N. J. L.* 508; 180 *Atl. Rep.* 874. That case is clearly distinguishable on the facts. In that case deceased employee "chose a dangerous route" when there was a "perfectly safe way by which he could have reached his home." He was not where, under his contract of employment, he "had the express or implied right to be." He was a trespasser. In the case at bar respondent, employee, chose the "least roundabout" and the "least dangerous" of the two ways to reach his home. He was where, "within the ambit of [his] services" he had the right to be. He was not a trespasser.

2. The proofs utterly fail to support the claim that the Bureau was without jurisdiction of the subject-matter on the ground that appellant and respondent were engaged in interstate commerce at the time of the accident. Employers' Liability Act, 45 *U. S. C. A.* 51, *et seq.*

This claim was raised by, and determined adversely to, appellant in the Bureau. It was, in light of its decision, not deemed necessary to be decided by the Monmouth County Court of Common Pleas. It was neither raised nor argued nor determined by the Supreme Court. The only point raised and argued in that court (as disclosed by appellant's brief—respondent in that court), was that petitioner, respondent here, "did not meet with an accident arising out of and in the course of his employment within the contemplation of the Workmen's Compensation Act." Since the claim, however, raised the question of jurisdiction, *i. e.*, lack of jurisdiction over the subject-matter, we consider such a question even if raised in this court for the first time. *Cf. Dickinson* v. *Plainfield*, 116 *N. J. L.* 336; 184 *Atl. Rep.* 195; *State* v. *Guida*, 119 *N. J. L.* 464; 194 *Atl. Rep.* 711; *Duke Power Co.* v. *Somerset County*, 125 *N. J. L.* 431; 15 *Atl. Rep.* (2d) 460; *American National Red Cross* v. *Lester*, 129 *N. J. Eq.* 28, 30; 18 *Atl. Rep.* (2d) 295. Especially is that so when if, as here, the Bureau had, as claimed, no jurisdiction over the subject-matter, its judgment was, and continues to be, a nullity. *Cf. Herbert* v. *Corby*, 124 *N. J. L.* 249, 251; 11 *Atl. Rep.* (2d) 240; *affirmed*, 125 *N. J. L.* 502; 17 *Atl. Rep.* (2d) 541.

We turn to the merits. We are not concerned with the effect of the amendment to the Federal Employers Liability Act, *supra* (chapter 687—1st Session, Public No. 384—76th Congress) which was approved on August 11th, 1939. Here, the claim petition for compensation and answer thereto were filed in 1936. The adjudications in the Bureau and in the Pleas were pronounced in 1938.

Conceding, in our view of the assault made upon the jurisdiction of the Bureau, that appellant under the circumstances exhibited, was engaged in interstate transportation, or work so clearly related to it as to form a part of it '(*Cf. Shanks* v. *Delaware, Lackawanna and Western Railroad Co.*, 239 *U. S.* 556; 60 *L. Ed.* 436; *Chicago and Northwestern Railroad Co.* v. *Bolle*, 284 *U. S.* 74; 76 *L. Ed.* 173; *Martin* v. *Central Railroad Co.*, 116 *N. J. L.* 162; 182 *Atl. Rep.* 897; reversing 115 *N. J. L.* 11; 178 *Atl. Rep.* 82), and conceding further that respondent, when actually at his work at the time of his injury, may also be said to be included within the stated category of appellant, we are nonetheless satisfied that the proofs completely fail to meet the firmly fixed test of exclusive jurisdiction under the Federal Employers Liability Act, *supra*. That test is whether the instrument of service at the moment of the injury and the work that the employee was doing at the moment of the injury, were actually a part of the interstate transportation in which the carrier was engaged. *Illinois Central Railroad Co.* v. *Behrens*, 233 *U. S.* 473; 58 *L. Ed.* 1051; *Erie Railroad Co.* v. *Welsh*, 242 *U. S.* 303; 61 *L. Ed.* 319; *Pierson* v. *New York, S. and W. Railroad Co.*, 83 *N. J. L.* 661; 85 *Atl. Rep.* 233; *Granger* v. *Pennsylvania Railroad Co.*, 84 *N. J. L.* 338; 86 *Atl. Rep.* 264; *Lincks* v. *Erie Railroad Co.*, 91 *N. J. L.* 166; 103 *Atl. Rep.* 176; *Price* v. *Central Railroad Company of New Jersey*, 99 *N. J. L.* 425; 123 *Atl. Rep.* 756; *Bissett* v. *Lehigh Valley Railroad Co.*, 102 *N. J. L.* 283; 132 *Atl. Rep.* 302; *affirmed*, 103 *N. J. L.* 172; 134 *Atl. Rep.* 915; *certiorari* denied, 273 *U. S.* 738; 71 *L. Ed.* 867 (*Lehigh Valley Railroad Co.* v. *Bissett*).

From these cases flows the uniform rule of law—federal and state—that when the mechanical instrumentality forming a part of interstate transportion is withdrawn from, and

is not actively engaged in, interstate transportation, and an employee while working thereon is injured during such period, the employee is not—within the meaning of the Employers' Liability Act, *supra*—engaged in interstate transportation even though it was intended to continue such use of the instrumentality after the work thereon had been completed. What is true as to the mechanical instrumentality is, in all reason and justice, true as to the human instrumentality, the employee.

Here the proofs are undisputed that, at the moment of injury, respondent was merely walking home from his work. The fact that respondent was within the ambit of his services, and the fact that he might have become properly engaged in work forming a part of appellant's interstate transportation, do not meet the determinative prerequisite of the fixed test of exclusive jurisdiction within the meaning of the Federal Employers' Liability Act, *supra,* namely, that respondent was, at the moment of injury, *actually* engaged in work which in fact formed a part of the interstate transportation in which appellant was engaged.

The Bureau did have jurisdiction to entertain and determine respondent's claim petition for compensation and its judgment is free from federal and state constitutional infirmities.

Judgment is affirmed, with costs.

*For affirmance on opinion of court below*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, BODINE, PERSKIE, PORTER, COLIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, THOMPSON, JJ. 13.

*For reversal*—None.