# MINNEAPOLIS & ST. LOUIS RAILROAD COMPANY *v.* WINTERS.

## ERROR TO THE SUPREME COURT OF THE STATE OF MINNESOTA.

No. 420.   Argued December 5, 1916.—Decided January 8, 1917.

When a state court applies the Federal Employers' Liability Act to an action governed by the state law, the error is not ground for reversing the judgment upon the complaint of a party who did not oppose but invoked and relied upon the application of the federal statute.

In such circumstances, however, this court will not pass upon questions concerning negligence and assumption of risk if the facts touching the plaintiff's employment are stated and agreed and fail to make a case within the federal act.

The injury occurred while plaintiff was repairing an engine. The

engine had been used in interstate commerce before the injury and was so used afterwards, but there was nothing to show that it was permanently or specially devoted to such commerce, or assigned to it at the time. *Held*, not a case within the Federal Employers' Liability Act.

131 Minnesota, 181; *id.* 496, affirmed.


THE case is stated in the opinion.

*Mr. Frederick M. Miner*, with whom *Mr. William H. Bremner* was on the brief, for plaintiff in error.

*Mr. Humphrey Barton*, with whom *Mr. John H. Kay* was on the briefs, for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an action for personal injuries suffered by the plaintiff, the defendant in error, at Marshalltown, Iowa, on October 21, 1912. The decisions below will be found in 126 Minnesota, 260 and 131 Minnesota, 181; *id.* 496. The declaration alleged that at the time the plaintiff was employed by the defendant in interstate commerce, although it went on to set forth laws of the State of Iowa concerning the liability of railroads and contributory negligence. It alleged that the injury was caused by the negligence of the defendant in failing to furnish a reasonably safe instrument for the work that the plaintiff was set to do. The answer denied among other things that the plaintiff was employed in interstate commerce and set up the plaintiff's negligence and assumption of the risk. In the course of the trial, the facts touching the employment having been agreed, the counsel for the defendant intimated that he might want to take the question whether the commerce was interstate to this court, but said no more about it and later moved to dismiss the suit upon

the ground, among others, that the plaintiff assumed the risk, adverting to a decision that that defence was open under the federal act. Later still the presiding judge in his charge, without objection, told the jury that the action was tried under the law of the United States; and in the assignment of errors to the Supreme Court of the State one error assigned was that the jury was instructed that they might find a less than unanimous verdict in a suit founded upon the Federal Employers' Liability Act— a proposition disposed of since the trial by a decision of this court. *Minneapolis & St. Louis R. R. Co.* v. *Bombolis*, 241 U. S. 211.

It is true that error is assigned because the court affirmed its opinion rendered after a former trial. But in the assignment of errors to the state court no such error is alleged, and beyond judicial recitals that the evidence with some exceptions was the same at both trials and quotations from the decision as to negligence, the record shows nothing but a casual statement of counsel as to what was done or ruled before. In short, at the trial the defendant in no way saved its rights to deny that the parties were engaged in interstate commerce at the time of the accident or to object to the application of the federal statute. On the contrary without qualification it invoked and relied upon that statute and the rights that because of that statute it supposed itself to possess. There is an ambiguous assignment of error that the Supreme Court of the State erred in holding as matter of law that the plaintiff was engaged in interstate commerce and in holding that the question of the plaintiff's assumption of the risk was for the jury "thereby depriving the appellant of a right guaranteed to it under the provisions of" the Federal Employers' Liability Act. But if the first clause is more than an introduction to and reason for the second, then, as we have indicated, no foundation for such an assignment was laid in the proceedings before the state courts.

Therefore even if the courts and parties were wrong about the proper basis for the suit that fact does not entitle the defendant to have the judgment reversed. It cannot complain of a course to which it assented below.

The defendant, however, as has been seen, did save the questions concerning its right to a unanimous verdict and the assumption of risk under the act of Congress and also concerning the evidence of its negligence, all of which, of course, in a case arising under the act could be brought to this court. In the present case the facts upon which the act of Congress was supposed to apply are stated and were agreed, so that although, for the reasons that we have stated, an error on that point would not entitle the defendant to a new trial, it necessarily must be determined whether they show a foundation for the attempt to come here upon the questions that were reserved. The agreed statement is embraced in a few words. The plaintiff was making repairs upon an engine. This engine "had been used in the hauling of freight trains over defendant's line . . . which freight trains hauled both intrastate and interstate commerce, and . . . it was so used after the plaintiff's injury." The last time before the injury on which the engine was used was on October 18 when it pulled a freight train into Marshalltown, and it was used again on October 21, after the accident, to pull a freight train out from the same place. That is all that we have, and is not sufficient to bring the case under the act. This is not like the matter of repairs upon a road permanently devoted to commerce among the States. An engine as such is not permanently devoted to any kind of traffic and it does not appear that this engine was destined especially to anything more definite than such business as it might be needed for. It was not interrupted in an interstate haul to be repaired and go on. It simply had finished some interstate business and had not yet begun upon any other. Its next work, so far as appears, might

be interstate or confined to Iowa, as it should happen. At the moment it was not engaged in either. Its character as an instrument of commerce depended on its employment at the time not upon remote probabilities or upon accidental later events.

*Judgment affirmed.*