# Loveless v. Louisville & Nashville Railroad Company.

### Personal Injury Action.

(Decided April 5th, 1917.   75 South. 7.)

Commerce; Injuries to Servant; Federal Employers' Liability Act; Sufficiency.—A car repairer injured while working on a car, used the previous week in interstate commerce, but having "drifted" for a week, and not again used except in intrastate commerce for several weeks after the injury, could not recover of the master, under the Federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 (U. S. Comp. St. 1916, sections 8657-8665]).

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROW.

Action by Bert Loveless against the Louisville & Nashville Railroad Company. Judgment for defendant, and plaintiff appeals. Affirmed.

The facts are, as gathered from the record:   That appellant was injured by a piece of metal striking him in the eye, while engaged in repairing the car in the shops of defendant at Boyles, Ala.   The injury occurred on or about July 10, 1914.   Movements of the car are shown, beginning on June 10, 1914, until July 2, 1914, between various points in Kentucky, Tennessee, and Alabama.   After July 2, 1914, it was not put to any use, and on July 9th was put in the shop at Boyles where the repair was made, and for some time after the repair was made it was used in intrastate shipments, or was simply drifting and not used for any purpose whatever.   For several weeks after July 17, 1914, it was used in the Birmingham district, and between points in said district.   On these facts the court directed a verdict for defendant; plaintiff having brought his action under the federal Employers' Liability Act.

DAVIS & DAVIS for appellant. TILLMAN, BRADLEY & MORROW and JOHN S. STONE for appellee.

This cause was submitted and considered under new rule 46, and the opinion of the court was prepared by Mr. Justice MAYFIELD.

[Sanders, et al. v. Harris.]

The complaint seeks recovery under the federal Employers' Liability Act, but the proof fails to bring the case within the influence of said act, under the authority of *Minneapolis & St. Louis Railroad v. Winters,* 242 U. S. 353, 37 Sup. Ct. 170, 61 L. Ed. —, and our own case of *Louisville & Nashville Railroad Co. v. Carter,* 195 Ala. 382, 70 South. 655. Hence the trial court did not err in giving the general charge for defendant.

The judgment of the circuit court is affirmed.

ANDERSON, C. J., and MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.