ELIPHALET G. STORER, Respondent, v. THE NEW YORK, NEW HAVEN AND
HARTFORD RAILROAD COMPANY, Appellant.

*Negligence — railroad — interstate commerce.*

Appeal by defendant from a judgment of the Supreme Court, entered in
the office of the clerk of Westchester county on January 30, 1918, in favor
of plaintiff, and also from an order entered in said office on February 7,
1918, denying the defendant's motion to set aside the verdict and for a new
trial.

Judgment and order reversed and new trial granted, costs to abide the
event, on authority of *Minneapolis & St. Louis R. R. Co.* v. *Winters* (242 U. S.
353). Jenks, P. J., Blackmar and Kelly, JJ., concurred; Putnam, J., read
for affirmance, with whom Thomas, J., concurred.

PUTNAM, J. (dissenting): The two agreed statements are shown side by
side:

| *Minneapolis & St. Louis R. R. Co.* v. *Winters* (242 U. S. 353, 356).  | *Case at bar.* |
|---|---|
| " The plaintiff was making repairs upon an engine. This engine ' had been used in the hauling of freight trains over defendant's line &ast; &ast; &ast; which freight trains hauled both intrastate and interstate commerce, and &ast; &ast; &ast; it was so used after the plaintiff's injury.' The last time before the injury on which the engine was used was on October 18, when it pulled a freight train into Marshalltown, and it was used again on October 21, after the accident, to pull a freight train out from the same place." | " The defendant will concede, for the purposes of this trial only, that on the day before this accident the locomotive, 0101, which figured in the accident, was withdrawn from mixed commerce at the end of the day's work, on the day before the accident, and sent to the yard for repairs; that, on the day following the accident, it was, some time during the day, sent back into mixed commerce, but the defendant does not concede that the first movement after the accident was one of interstate or mixed commerce. The Court: I suppose, when you say ' mixed commerce,' you mean both interstate and intrastate? [Counsel for defendant]: Yes." |

Defendant's line crosses several State boundaries. Except perhaps the
case of its switching engines, its locomotives are subjected to a dual service
— interstate and intrastate. In the *Winters* case the prior use went back
two days, leaving an unexplained gap in the relation of its service in the
decisive period immediately before the locomotive reached the repair shop.
Here the mixed service lasted up to the night before it was withdrawn for
repairs, and that same dual service was resumed the next day after the
accident. Defendant was as much required to repair this motor as if it
had been wholly in interstate service. (*Chicago, K. & S. Ry. Co.* v. *Kindle-*

*sparker*, 234 Fed. Rep. 1.) Defendant did not ask to go to the jury on any matter of fact as to such employment. Here the motor was withdrawn from mixed commerce for a day's repair, leaving its character as an instrumentality of interstate commerce without the doubt as to prior service raised by the omissions in the stipulated facts of the *Winters* case. Hence I vote to affirm. Thomas, J., concurred.