LARKIN v. INDUSTRIAL COMMISSION OF UTAH et al.

No. 3761.  Decided June 16, 1922.  (208 Pac. 500.)

COMMERCE—EMPLOYÉ REPAIRING ENGINE PREVIOUSLY USED IN INTERSTATE COMMERCE HELD NOT ENGAGED IN INTERSTATE COMMERCE. An employé, killed while repairing a locomotive which had been previously used in interstate commerce, but which had been placed in the shop for repairs which took nearly a month, was not engaged in interstate commerce, and his dependents could recover compensation under the Workmen's Compensation Act.

Proceeding under the Workmen's Compensation Law by

Sarah A. S. Larkin, as widow of John E. Larkin, deceased, against the Southern Pacific Company. From an order of the Industrial Commission dismissing the proceeding on the ground that deceased was engaged in interstate commerce, plaintiff appeals.

REVERSED and remanded to the Industrial Commission, with directions.

*Chez & Douglas,* of Ogden, for plaintiff.

*Harvey H. Cluff,* Atty. Gen., and *J. Robert Robinson,* Asst. Atty. Gen., for defendant.

*Bagley, Fabian, Clendenin & Judd,* of Salt Lake City, for defendant Southern Pac. Co.

GIDEON, J.

Plaintiff is the widow of John E. Larkin, deceased. Application was made to the State Industrial Commission for compensation for the death of her husband. The Commission denied any relief. She now applies to this court for a review of the proceedings.

At the time of the injury the deceased was assisting in repairing an engine used exclusively in interstate commerce. The Commission was therefore of the opinion that the claim for compensation was not within its jurisdiction.

The fact of employment is not disputed. Neither is it questioned that the deceased received an injury on May 4, 1921, while employed by the defendant Southern Pacific Company, nor that the accident causing the injury arose out of and in the course of his employment. The defendant Southern Pacific Company resisted payment of any compensation upon the grounds: (a) That the death of Larkin was not the result of the injury; (b) that the Commission was without jurisdiction to make an award. The Commission made no find-

ing that death resulted from the injury. It based its conclusion wholly upon the question of jurisdiction.

It is admitted that on May 4, 1921, the deceased was assisting in making repairs on locomotive engine No. 3201, owned and operated by the defendant Southern Pacific Company. From the record it appears without dispute that deceased was "under the engine in a pit, using a wrench about 2½ feet long, tightening a nut, the wrench slipped off, and deceased was thrown violently against the brake beam, striking his left side and abdomen and sustaining injuries." On May 16th, following the accident, the deceased was operated upon by the surgeon of the railroad company, and died on May 29th. The engine had been engaged exclusively in hauling interstate trains. It had never been used in any other service. It was taken from such freight service on or about April 27, 1921, and put into the repair shop at Ogden, Utah. The nature and extent of the repairs are described by the shop foreman as follows:

"The engine was shopped as being in doubt as to its main wheel being loose on the axle. The wheel was tested and found to be all right; the main driving boxes were rebored and refitted to the journal, the side rods received new bushings, the crossheads were rebabbitted, and minor repairs."

It remained in the shop undergoing repairs until May 13, 1921. At that time the engine was again placed in the same service.

Counsel on both sides have argued the case on the theory that the only question involved is, was the deceased, at the time of the injury, engaged in intra or inter state commerce? It is conceded that if he was engaged in interstate business, the Commission was without jurisdiction.

It would serve no good purpose to review the decisions of this court and the other authorities cited by counsel. The federal Employers' Liability Act (U. S. Comp. St. §§ 8657-8665) is a congressional law. Any interpretation given by the United States Supreme Court respecting the limitations of that act are necessarily binding upon this court. The point involved in the instant case, under a similar state of facts, has very recently been decided by that court. *Ind.*

*Acc. Com. of the State of Cal. and O. J. Burton* v. *John Barton Payne, as Agent, etc.*, 257 U. S. —, 42 Sup. Ct. 489, 66 L. Ed. —, not yet officially reported. That case was under review by the higher court under a writ of certiorari issued to the Court of Appeals of California. In the course of the opinion in that case the United States Supreme Court said:

"* * * The federal act gives redress only for injuries received in interstate commerce. But how determine the commerce? Commerce is movement, and the work and general repair shops of a railroad, and those employed in them are accessories to that movement, indeed are necessary to it, but so are all attached to the railroad company, official, clerical or mechanical. Against such a broad generalization of relation we, however, may instantly pronounce, and successively against lesser ones, until we come to the relation of the employment to the actual operation of the instrumentalities for a distinction between commerce and no commerce. In other words, we are brought to a consideration of degrees and the test declared, that the employé at the time of the injury must be engaged in interstate transportation or in work so closely related to it as to be practically a part of it, in order to displace state jurisdiction and make applicable the federal act. And there is a difference in the instrumentalities. In some, the tracks, bridges, and roadbed and equipment in actual use may be said to have definite character and give it to those employed upon them. But equipment out of use, withdrawn for repairs, may or may not partake of that character according to circumstances, and among the circumstances is the time taken for repairs—the duration of the withdrawal from use. Illustrations readily occur. There may be only a placement upon a side track or in a roundhouse—the interruption of actual use, and the return to it, being of varying lengths of time, or there may be a removal to the repair and construction shops, a definite withdrawal from service and placement in new relations; the relations of a work shop, its employments and employees having cause in the movements that constitute commerce, but are not immediate to it.

"And it is this separation that gives character to the employment, as we have said, as being in or not in commerce. Such, we think, was the situation of the engine in the present case. It was placed in the shop for general repairs on December 19, 1918. On February 25, 1919, after work upon it, it was given a trial, and it was placed in service on March 4, 1919. The accident occurred on February 1st of that year, the engine at the time being nearly stripped and dismantled. 'It was not interrupted in an interstate haul to be repaired and go on.' *Minn. & St. Louis R. R. Co.* v.

*Winters*, 242 U. S. 353, 356; *Chicago, K. & S. Ry. Co.* v. *Kindle-sparker*, 246 U. S. 657."

Applying the reasoning of the court as stated in the above quotation to the facts in this record, no other conclusion is permissible than that the Industrial Commission erred in refusing to take jurisdiction of the application. In other words, the Commission was in error in concluding that the deceased at the time of the injury was engaged in interstate commerce. Not being so engaged, the dependents of the deceased are entitled to have their rights determined under the Workmen's Compensation Law of this state (Comp. Laws 1917, §§ 3061-3165). *D. & R. G. W. Rd. Co.* v. *Ind. Com. et al.*, 60 Utah, 89, 206 Pac. 1103. The order of the Commission is annulled. The cause is remanded to the Commission, with directions to determine the facts and make such order in the premises as the law warrants.

CORFMAN, C. J., and WEBER, THURMAN, and FRICK, JJ., concur.