## DAVIS v. BALTIMORE & O. R. CO.

(Circuit Court of Appeals, Sixth Circuit. January 5, 1926.)

No. 4364.

Commerce ☞27(8)—Employé at time of making repairs on car held not "engaged in interstate commerce."

Where car had been taken from intrastate service, and moved as part of interstate train to place of repair, and after being repaired was returned for use either in interstate or intrastate commerce, plaintiff, injured during repairs, was not engaged in "interstate commerce" and within protection of federal Employers' Liability Act (Comp. St. §§ 8657–8665).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Interstate Commerce.]

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; Paul Jones, Judge.

Action by Jack Davis against the Baltimore & Ohio Railroad Company. Judgment on directed verdict for defendant, and plaintiff brings error. Affirmed.

The plaintiff brought an action against the Baltimore & Ohio Railroad Company to recover damages for personal injury sustained by him on the 2d day of January, 1924, while in the employ of the defendant and engaged in replacing a broken coupler upon a Western Maryland gondola car on repair track No. 3 in the defendant's yards at Keyser, W. Va.

It is alleged in the petition that, at the time plaintiff was injured, both the plaintiff and defendant were engaged in interstate commerce, and that plaintiff's cause of action "is governed and controlled by the federal Employers' Liability Act as passed by Congress in April, 1908, and the amendments thereto." Comp. St. §§ 8657–8665. The defendant, in its answer, specifically denied that either plaintiff or itself were engaged in interstate commerce at the time alleged in the petition. Upon the trial of the case, counsel for both parties signed and filed a stipulation as to certain material facts, and in addition thereto the plaintiff testified that, at about 3:15 o'clock in the afternoon of the day of the accident, the foreman of the defendant's repair department at Keyser, W. Va., directed him, as "gang leader," to bring two men and repair a Western Maryland car that had "died for a coupler," and also said to him it was a rush job, to get the 4 o'clock p. m. train for Cumberland; that while he was engaged in performing this service he was injured as stated in his petition, through the negligence of the defendant. Other evidence was introduced tending to prove negligence by the defendant and the extent of plaintiff's injuries.

At the close of the evidence for the plaintiff the court sustained a motion to direct a verdict for the defendant on the ground that there was a failure of proof to sustain the

allegation of the petition that plaintiff and defendant were engaged in interstate commerce when the injury occurred, and because of such failure of proof, and it further appearing that both plaintiff and defendant were nonresidents of the district, the court had no jurisdiction of the cause.

R. B. Newcomb, of Cleveland, Ohio (Newcomb, Newcomb & Nord, of Cleveland, Ohio, on the brief), for plaintiff in error.

Thomas O. Nevison, of Cleveland, Ohio (Tolles, Hogsett, Ginn & Morley, W. T. Kinder, and Thos. O. Nevison, all of Cleveland, Ohio, on the brief), for defendant in error.

Before DONAHUE, MOORMAN, and KNAPPEN, Circuit Judges.

DONAHUE, Circuit Judge (after stating the facts as above). It appears by the stipulation of counsel that this Western Maryland car, immediately before it had been brought to Keyser, W. Va., for repairs, had been engaged in intrastate commerce between Cumberland and Ancelle, Md.; that it was loaded at Cumberland, and after it reached Ancelle it was unloaded and sent to the Keyser yards for repair; that it reached there about January 1, 1924, and was repaired on January 2d; that on January 3d it was not under orders of consignment; and that the next movement of the car was to Cumberland, Md., to be used either in interstate or intrastate commerce as the business of the defendant would require, and that it was not in consignment on arrival at Keyser from Ancelle, Md.

This presents a wholly different situation from a case in which a car is permanently assigned or specially devoted to interstate commerce, and is taken out of a train for trifling repairs, with the intention or purpose of continuing it in interstate commerce as soon as the repairs are completed. Industrial Commission v. Davis, 259 U. S. 182, 42 S. Ct. 489, 66 L. Ed. 888. Whatever may have been its character or status while a part of an interstate train moving from Ancelle, Md., to Keyser, W. Va., not under consignment and taken to Keyser solely for the purpose of repairs, this movement and the contemplated return of the car, after it should be repaired, from Keyser, W. Va., to Cumberland, Md., would not impress upon it the character of a car permanently engaged in or specially devoted to interstate commerce while it remained upon the shop track at Keyser, W. Va. Minneapolis & St. Louis R. Co. v. Winters, 242 U. S. 353, 37 S. Ct. 170, 61 L. Ed. 358, Ann. Cas. 1918B, 54.

This car was not interrupted in an interstate haul to be repaired and continue its journey, nor was it actually employed in interstate commerce when taken out of service at Ancelle and sent to the Keyser shop track for repair. For this reason we do not think the extent of the needed repairs or the length of time it was withdrawn from intrastate service, in which it was being used immediately prior to such withdrawal, helpful, much less controlling, in determining whether this car was or was not actually or constructively engaged in interstate commerce at the time plaintiff was injured.

The Supreme Court, in Industrial Commission v. Davis, supra, cites with approval its former decision in Railroad Co. v. Winters, supra. While the facts in neither of these cases are identical with the facts admitted or proven in this case, nevertheless the principles therein announced, upon a state of facts much more favorable to the contention of plaintiff in error, are applicable and controlling in the instant case.

Judgment affirmed.