## ENTERPRISE CO. v. ALEXANDER.
(No. 1693.)

Court of Civil Appeals of Texas. Beaumont.
April 26, 1928.

Rehearing Denied May 16, 1928.

1. Negligence ⟨key⟩136(25)—Whether negligent maintenance of furnace flue through wall 40 feet from broken window of building across alley was proximate cause of destruction of automobile by fire from sparks entering window held for jury.

Whether defendant's negligence in maintaining and carrying furnace flue through wall of building about 40 feet from broken window in plaintiff's building across alley was proximate cause of destruction of plaintiff's automobile by fire set by sparks entering window held for jury.

---

**2. Negligence ⊚59—Liability can be predicated on negligence only where defendant should have foreseen result under circumstances.**

Liability can be predicated on negligence only where defendant ought to have foreseen the result in the light of the attending circumstances.

**3. Negligence ⊚140—Instruction defining "proximate cause" without submitting issue of foreseeableness or anticipation of injury held error.**

Instruction that "proximate cause," which was proper issue for jury, means cause which, in direct and continuous sequence, unbroken by any new or independent cause, produces event or injury which would not otherwise have occurred, *held* reversible error as not submitting issue of foreseeableness or anticipation of injury complained of as result of negligence charged.

Appeal from Jefferson County Court; C. N. Ellis, Judge.

Action by C. C. Alexander against the Enterprise Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Orgain & Carroll, of Beaumont, for appellant.

Thos. J. Baten and C. A. Lord, both of Beaumont, for appellee.

WALKER, J. This was a suit by appellee against appellant for the value of his automobile, which appellee alleged was burned through appellant's negligence. The jury fixed the value at $800, of which amount appellee remitted $300, and judgment on the verdict reduced by this remittitur was entered for $500. We understand the facts to be as follows:

[1] Appellee and appellant occupied adjoining buildings, separated by a four-foot alley. Appellee's building had four windows facing the alley, but protected by heavy screen wire. These windows were never opened. Appellee thought these windows were in good repair, and did not know to the contrary until after his automobile was burned, when, on examining the premises with the fire marshal to discover the origin of the fire, it was found that a pane of glass was broken out of one of them, leaving a hole in this particular window about 6 by 12 inches and about 8½ feet from the ground. Appellee's car was in his building immediately under this window, and the top of his car was about a foot and a half below the hole. Appellant operated a furnace in its building. The flue from this furnace extended out of the side of the building into the alley, as above described, about six feet from the ground. This flue was about 40 feet from the window with the broken pane. On the night of the fire, appellant was using a fuel in this furnace that emitted a large quantity of sparks and flame and smoke into the alley. It was the theory of appellee, as made by his pleadings, that appellant was negligent in extending this flue through the wall of the building into the alley, with its exhaust against his wall, and in using the kind of fuel that was being burned on the night of the fire; and that through its negligence sparks were released into the alley, and carried by the wind to the broken pane in his window, and through that pane, and caused to fall upon and burn his automobile. We think the evidence was sufficient to support the finding that appellant was guilty of negligence in maintaining and carrying its flue in question through the wall of its building in the manner pleaded by appellee, and therefore overrule appellant's assignment that it was entitled to an instructed verdict.

[2] The court submitted the following definition of "proximate cause":

"You are instructed by the term 'proximate cause' as used in this charge is meant that cause which in a direct and continuous sequence, unbroken by any new or independent cause, produces an event or injury, and but for which the same would not have occurred."

Appellant duly excepted to this charge on the ground that it failed to submit the issue of foreseeableness or anticipation of the injury complained of as a result of the negligence charged. Under the law of proximate cause in this state, as defined by our Supreme Court in Seale v. Railway Company, 65 Tex. 274, 57 Am. Rep. 602, and Railway Company v. Bigham, 90 Tex. 223, 38 S. W. 162, liability can be predicated upon negligence only when the defendant ought to have foreseen the result in the light of the attending circumstances. The rule was thus stated by the Supreme Court in the Bigham Case:

"In order to warrant a finding that negligence or an act not amounting to wanton wrong is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligence or wrongful act, and that it ought to have been foreseen in the light of the attending circumstances."

[3] In Turner v. Stoker (Tex. Civ. App.) 289 S. W. 190, proximate cause was thus defined:

"Proximate cause is that which, in a natural and continuous sequence, unbroken by any new independent cause, produces a state or condition, and without which such state or condition would not have occurred,"

—being almost in the identical language of appellant's charge, and clearly submitting, in substance, the identical proposition of law covered by the charge in this case. This charge on the proposition now before us was held error, the court saying:

"The omission from this charge of the doctrine 'that foreseeableness or anticipation of injury is a necessary element to proximate

cause' is such a fatal omission as will require a reversal of this cause. Dallas Ry. Co. v. Warlick et al. (Tex. Com. App.) 285 S. W. 302; S. A. & A. P. Ry. Co. v. Behne (Tex. Com. App.) 231 S. W. 354.

"Under the facts in this case, the issue of proximate cause was a material issue. It was further recognized as an issue by the charge of the court and by appellee's acquiescence in the charge. It follows that if the issue of proximate cause was in the case and it was incumbent upon the court under the facts to submit that issue, the failure of the court to define same in a proper charge and the omission of the doctrine as stated was prejudicial to the rights of appellant. Of course, if as a matter of law there was no proximate cause in the case, then the failure of the court to give a correct definition would not be prejudicial error, but since proximate cause is in the case, the failure as stated compels us to sustain the assignment."

Since on the statement we have made of this case proximate cause was a proper issue to go to the jury, the court's charge defining proximate cause constituted reversible error.

Reversed and remanded.