ROGERS *v.* CANADIAN NATIONAL RAILWAY CO.

1. Master and Servant—Commerce—Interstate Commerce—Federal Employers' Liability Act.

Whether a railroad employee, at the time of his injury, was engaged in interstate commerce in a practical sense, entitling him to maintain an action therefor under the Federal employers' liability act (45 USCA § 51 *et seq.*), depends upon whether the work in which he was engaged was so closely related to interstate transportation as to really constitute a part thereof.

2. Same—Interstate Commerce—Federal Employers' Liability Act—Burden of Proof.

In order to maintain an action under the Federal employers' liability act, a railroad employee, injured while switching empty freight cars which had brought freight into the State, has the burden of proving that, at the time of the accident, they had commenced predetermined interstate movement, and it was not enough to show that thereafter they were billed, consigned, or actually moved interstate.

As to when employees are engaged in interstate commerce within the meaning of· Federal employers' liability act, see annotation in 47 L. R. A. (N. S.) 52; L. R. A. 1915 C, 56.

3. Commerce—Interstate Commerce—Railroads.

Whether cars bringing freight into the State, after being unloaded, regain interstate character, depends upon predetermination of their use and movement, and not upon their use and movement after injury sustained by an employee.

4. Same—"Home Route" Card Does Not Predetermine Interstate Use of Car.

The "home route" card, accompanying cars bringing freight into the State, acts as a guide for their return to the owning road, but does not predetermine their use and movement after delivery to the consignee and their unloading.

5. Same—Interstate Use of Cars Depends Upon Predetermination.

Predetermination of use and movement of cars bringing freight into the State may be exercised by the owning road, and, if not so exercised, their use and movement is left with the carrier in possession, and, until determined, they are not engaged in interstate commerce in any movement of them in switching or placement upon side tracks in the meantime, except in act of assembly in a train for interstate movement.

6. Same—Foreign Owned Cars.

That freight cars were foreign owned, had been used in interstate commerce, and were so used again after a railroad employee was injured while switching them when empty, does not determine that they were being so used when the employee was injured.

7. Same—Master and Servant—Applicability of Federal Employers' Liability Act is Question of Fact.

The Federal employers' liability act comprehends exclusion of its operation as well as inclusion, leaving determination in each case an issue of fact from a practical consideration of circumstances.

8. Same—Hauling Empty Cars from One State to Another.

The hauling of empty cars from one State to another is interstate commerce.

9. Same—Empty Cars Not Designated for Interstate Movement Not Engaged in Interstate Commerce.

Empty cars routed or designated for movement, and in course of movement, from one State to another, are to be considered as engaged in interstate commerce, but until so routed or designated, they await fixation of use and course of movement, and are not so engaged in interstate commerce.

10. Master and Servant—Interstate Commerce—Federal Employers' Liability Act.

A railroad employee, injured while switching into the railroad yard empty cars which had brought freight into the State, was not engaged in interstate commerce, entitling him to maintain an action under the Federal employers' liability act, where the further use and operation of the cars had not been determined at the time of the accident.

Error to St. Clair; Robertson (William), J. Submitted January 31, 1929. (Docket No. 107, Calendar No. 34,161.) Decided March 29, 1929.

Action for damages under Federal employers' liability act by Benjamin Rogers against Canadian National Railway Company, a foreign corporation. From judgment for defendant *non obstante veredicto,* plaintiff bring error. Affirmed.

*Walsh, Walsh & O'Sullivan,* for plaintiff.

*H. R. Martin, Leo J. Carrigan,* and *Don R. Carrigan,* for defendant.

Wiest, J. This is an action, brought by an injured railroad employee, to recover damages under the Federal employers' liability act (35 U. S. Stat. 65, as amended 36 U. S. Stat. 291, 45 USCA § 51 *et seq.*) and involves the question of whether plaintiff, at the time of injury, was engaged in interstate commerce in a practical sense. Such sense bars fiction and consideration of subsequent events, and embraces work so closely related to interstate transportation as to really cónstitute a part thereof. In the circuit there was verdict for plaintiff, with judgment *non obstante* for defendant. Plaintiff reviews by writ of error, and defendant assigns errors not necessary to be considered if the judgment is affirmed.

Exhaustive briefs have been furnished, case law and text-books. have been examined, and, upon due

consideration, we think plaintiff failed to establish the fact that, at the time he was injured, he was engaged in interstate commerce.

Plaintiff was a member of a switching crew engaged, at Port Huron, in moving to and placing cars of freight at manufacturing plants, and returning empty cars to the main railroad yard, where a yard switching crew later assembled cars for train movement under general, customary, or special direction or billing. In the movement of two empty cars toward the railroad yard from a manufacturing plant, to which the cars had conveyed interstate shipments, plaintiff was injured. The cars then being moved had finished their interstate run to place of consignment, and shipments therein had been removed, and they had not started upon their home journey. The cars were engaged in interstate commerce until they reached the destination to which they were consigned, and then ceased to bear such character until billed or designated for return. To bring the empty cars again into interstate commerce service, the burden rested upon plaintiff to show that, at the time of the accident, they had commenced predetermined interstate movement. It was not enough to show that the cars were in fact thereafter billed, consigned, or actually moved interstate. Whether cars bringing freight into this State regain interstate character depends upon predetermination of their use and movement, and not upon their use and movement after injury sustained by an employee. The ''home route'' card, accompanying cars bringing freight into this State, acts as a guide for the return thereof to the owning road, but does not predetermine their use and movement after delivery to the consignee and their unloading. Predetermination of use and movement may be exer-

cised by the owning road.  If not so exercised by
the owning road, the use and movement of such
empty cars is left with the carrier in possession of
them, and, until determined, the cars are not en-
gaged in interstate commerce in any movement of
them in switching or placement upon side tracks in
the meantime, except in act of assembly in a train
for interstate movement.

It does not aid plaintiff to assume that the empty
cars, being switched when he received injury, were
foreign owned and had been engaged in interstate
transportation, or later again entered upon inter-
state transportation.  The question is not whether
the cars had so served, or might again, under desig-
nation of return, be so considered, but, Was plaintiff
engaged in interstate commerce in their movement
at the very time he was injured?  The Federal act
comprehends exclusion of its operation as well as
inclusion, leaving determination in each case an is-
sue of fact from a practical consideration of circum-
stances.

The hauling of empty cars from one State to an-
other is interstate commerce.  *North Carolina R. R.
Co.* v. *Zachary,* 232 U. S. 248 (34 Sup. Ct. 305, Ann.
Cas. 1914C, 159).  Empty cars routed or designated
for movement, and in the course of movement, from
this to another State, are to be considered as en-
gaged in interstate commerce.  But until so routed
or designated, they await fixation of use and course
of movement, and are not engaged in interstate com-
merce.  There was no duty resting upon defendant
to return the cars empty or with interstate freight.
Defendant railroad had a right to employ the cars
in intrastate commerce while making movement
thereof toward their home road.  Empty cars are
not permanently devoted to particular movement or

traffic, but are for use as needed. The cars had finished their interstate business, and had not entered upon any other, so far as the proofs disclose. Their next work or movement, so far as appears, might have been interstate or intrastate, as might happen. At the time of the accident, the empty cars were not engaged in commerce at all, but being moved in readiness for later clearance as might be ordered. Their character as instruments of commerce, interstate or intrastate, depended upon the purpose of their movement at the time of the accident, and not upon remote probabilities or later events. See *Minneapolis, etc., R. Co.* v. *Winters,* 242 U. S. 353 (37 Sup. Ct. 170, Ann. Cas. 1918B, 54).

Had plaintiff been engaged in switching the empty cars under predetermined assembly and for immediate removal out of the State, he would have been employed in interstate commerce. *Bruckshaw* v. *Railway Co.,* 173 Iowa, 207 (155 N. W. 273). The purpose of the switching operation, however, was to take the cars to the terminal yard to there await routing. Determination of destination of the cars, in order to fix their character in movement, would have to precede and not follow their switching. Plaintiff was engaged in general switching operations, and not in making up a train.

The opinion in *Philadelphia, etc., R. Co.* v. *Cannon,* 296 Fed. 302, is helpful, for the reasoning thereof applies to the facts in the case at bar. So applied, the empty cars, being moved at the time of injury to plaintiff, had ended their transportation service in bringing freight into the State, and had not entered upon designated transport interstate.

The judgment is affirmed, with costs to defendant.

North, C. J., and Fead, Fellows, Clark, McDonald, Potter, and Sharpe, JJ., concurred.