## ST. LOUIS, S. F. & T. RY. CO. v. MULLINS.
### (No. 3768.)

Court of Civil Appeals of Texas. Texarkana.
Dec. 26, 1929.

Rehearing Denied Jan. 2, 1930.

Head, Dillard, Maxey, Freeman, McReynolds & Hay, of Sherman, for appellant.
Webb & Webb, of Sherman, for appellee.

WILLSON, C. J. (after stating the case as above). ■■ On the theory, it seems, that in assisting in the work on the locomotive appellee was engaged in interstate commerce, and that the risk he incurred was one he had assumed, appellant requested the trial court to instruct the jury to return a verdict in its favor, and complains here because the request was refused. The evidence appellant refers to as supporting its view that appellee was engaged in such commerce was the testimony of the witness Fuller, foreman of the locomotive department in its (appellant's) shops in Sherman, that the locomotive came from Memphis, Tenn., and was placed in said shops for repairs November 25, 1927, remaining there, undergoing such repairs, until December 7, 1927, when it was sent to Fort Worth for use in pulling trains carrying interstate passengers, etc., and the testimony of the witness Snyder, appellant's "general yard clerk" at Sherman, that the locomotive in question and another locomotive pulling 41 cars carrying freight from other states to this one left Sherman December 9, 1927. Plainly, we think, the case made by the testimony referred to is ruled by the decision of the Supreme Court in Minneapolis & St. L. Ry. Co. v. Winters, 242 U. S. 353, 37 S. Ct. 170, 61 L. Ed. 358, Ann. Cas. 1918B, 54, and the decision of this court in Payne v. Wynne, 233 S. W. 609, and the trial court did not err when he refused the requested instruction, nor when he refused to submit to the jury an issue as to whether appellee assumed the risk he incurred in lifting the jack. Appellee not being engaged in interstate commerce at the time he was injured, the case was not controlled by the Federal Employers' Liability Act (45 U. S. Code Annotated, § 51 et seq.), but by the statute (article 6437, R. S. 1925) of this state declaring that "the plea of assumed risk shall not be available as a bar to recovery of damages" by a railway company's employee for injury he suffers because of its negligence. An issue as to whether appellee was guilty of contributory negligence or not was submitted to the jury, and, as is shown in the statement above, they found he was not.

It is insisted that the evidence did not authorize a finding that either appellant or its boilermaker, McManus, was guilty of negligence in the ways urged against them, respectively, and that for that reason also it was error to refuse to instruct the jury to return a verdict in appellant's favor. The judgment is to be reversed on another ground; and, as the cause will be remanded to the court below for a new trial, we will only say, with reference to the contention, that we think it should be overruled.

■ In his charge to the jury the trial court defined "proximate cause" as "the cause [quoting] which, in a natural and continuous sequence, unbroken by any new cause, produces an event that without which the event would not have happened." Appellant objected to the definition, insisting it was insufficient and erroneous, in that it did not include the "necessary element" of "foreseeableness or anticipation of an injury," and complains here because its objection was overruled. It is held that such an omission in such a definition is error which requires a reversal of a judgment, where the pleadings and evidence in a controversy present an issue as to proximate cause. Turner v. Stoker (Tex. Civ. App.) 289 S. W. 190; Enterprise Co. v. Alexander (Tex. Civ. App.) 6 S.W.(2d) 423; City of Dallas v. Maxwell (Tex. Com. App.) 248 S. W. 667, 27 A. L. R. 927; Dallas Ry. Co. v. Warlick (Tex. Com. App.) 285 S. W. 302; San Antonio & A. P. Ry. Co. v. Behne (Tex. Com. App.) 231 S. W. 354, 356. In the case last cited it was said: "To say that an injury is the 'natural and probable consequence' of a given act is but saying in other words that it is such an injury as might 'reasonably have been anticipated, under ordinary circumstances, as the natural and probable result of that act.'" Unless the same thing can be said of the words "natural and continuous sequence," used in the charge objected to, respect for the holdings of the courts in the cases cited requires a reversal of the judgment, if an issue as to whether negligence found by the jury was the proximate cause of injury suffered by appellee was presented, and we think it was. It is held that it is "not enough to prove that the injury to the plaintiff was the

natural consequence of the negligence of the defendant, but that it must also have been the probable consequence." Davis v. Railway Co., 93 Wis. 470, 67 N. W. 16, 132, 33 L. R. A. 654, 57 Am. St. Rep. 935; Block v. Milwaukee St. Ry. Co., 89 Wis. 371, 61 N. W. 1101, 27 L. R. A. 365, 46 Am. St. Rep. 849; Ford v. Tremont Lumber Co., 123 La. 742, 49 So. 492, 22 L. R. A. (N. S.) 917, 131 Am. St. Rep. 370. It is said that a "natural" consequence of an act "is the consequence which ordinarily follows it—the result which may be reasonably anticipated from it," and that "probable" consequence "is one that is more likely to follow its supposed cause than it is to fail to follow it." 22 R. C. L. 122. We do not think the words "natural and continuous sequence" convey the same meaning as the words "natural and probable," and therefore feel bound to hold that it was error to overrule appellant's objection to the charge in question.

Several of the other contentions in appellant's brief are with reference to questions not likely to arise on another trial, and for that reason have not been considered here. The others not disposed of by what has been said, if sustained, would not require a reversal of the judgment. We think it could be affirmed, but for the insufficient definition of "proximate cause" in the court's charge to the jury.