SAMUEL BERGER, RESPONDENT, v. NEW YORK CENTRAL RAILROAD COMPANY AND CHARLES BLAICH, APPELLANTS.

Submitted October 17, 1930—Decided June 24, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and LLOYD.

For the appellants, *Wall, Haight, Carey & Hartpence* (*William H. Carey,* of counsel).

For the respondent, *Archie Elkins.*

The opinion of the court was delivered by

LLOYD, J.  The action in this case was brought against the New York Central Railroad Company and Charles Blaich

under the Federal Employers' Liability act. There was a verdict in favor of the plaintiff and the defendants appeal.

The fundamental question in the case is whether the accident from which the injuries arose and for which the suit was brought occurred in interstate commerce or intrastate commerce. At the time of the accident the plaintiff was employed in the roundhouse of the defendant railroad company at North Bergen, and while attempting to disconnect a drawbar of the tender of an engine was injured through, as the jury might have found, the negligence of the defendant Blaich, the foreman in charge of his work.

Respecting the nature of the service in which the engine was at the time engaged, the plaintiff's proofs tended to show that the engine in question had come from Selkirk, New York, on the morning of June 17th, 1928, and the plaintiff was instructed by his foreman Blaich to do certain work on or about it, the precise instructions being to "go over to engine No. 3842, going to Selkirk on fast freight, five-fifteen leaving the engine house; go over there, disconnect the drawbar, the tender from the engine." In making this disconnection, plaintiff was injured. The statements of Blaich were, under a prior ruling of the court, admitted as evidential against the defendant Blaich alone, and the jury was instructed to disregard them in so far as they affected the railroad company.

On these proofs a motion was made for nonsuit on the ground, among others, that neither the plaintiff nor the engine was at the time engaged in interstate transportation. This motion was denied and the defendant's proofs then established that the engine in question had been engaged in interstate commerce, that on the morning of June 17th it was brought into the roundhouse and remained out of service until July 11th, 1928, on which latter date, after a series of repairs had been made, it was given a trial run and on the same evening was assigned to Kingston, New York, on a work train. Subsequently it again went out on the Selkirk run.

The defendant's proofs also established without contradiction (other than might be implied in the instruction to the

plaintiff from his foreman which under the court's ruling was not available against the railroad company) that the engine on the 17th of June was shopped for quarterly inspection; that on reaching the roundhouse it was inspected and discovered to have a cracked frame and other broken parts. It further appeared that under the rules of the company the engine was due at the time for withdrawal from service for both a monthly and quarterly inspection, and that such inspections were made when withdrawn on the date in question.

The burden of proof was on the plaintiff to establish by a preponderance of the evidence that at the time of the accident he and the engine were engaged in interstate commerce. The proofs, as we consider them, failed to meet this burden. Assuming for the purpose of argument that the direction of the foreman that the plaintiff go over the engine going to Selkirk at five-fifteen, was sufficient in the first instance to indicate that in the mind of the foreman he was expecting to have the engine return on the same day to its service in interstate transportation, the subsequent evidence clearly established that this impression was erroneous; that the engine was not withdrawn for momentary repairs and intended to return to its former service, but was definitely withdrawn from all service, and in pursuance of that withdrawal was out of service nearly a month. The case as we conceive it is controlled by the decision of the United States Supreme Court in the case of *Minneapolis and St. Louis Railroad* v. *Winters*, 242 *U. S.* 353. The respondent relies with much insistence upon *Central Railroad of New Jersey* v. *Sharkey*, 259 *Fed. Rep.* 144, in which a somewhat similar instruction was given by a foreman to a repair man and a similar statement made of the destination of (in that case) the car, and the court held that this made proof sufficient in the first instance, even against the railroad company in the absence of objection, to meet the initial burden which rested on the plaintiff to show that the employment was in interstate commerce. In the present case the statement of Blaich was limited to its effect on himself alone. Assuming that this conception of the force

of the foreman's declaration was sufficient to shift the burden in so far as he was concerned, we think it was clearly shown that, whatever may have been the views of the foreman at the time, they were mistaken, and that the engine was neither intended to be nor was it actually withdrawn momentarily for minor repairs, but was definitely withdrawn from interstate service awaiting a further and new assignment which might be in either interstate or intrastate commerce.

At the conclusion of the whole case there was a motion for the direction of a verdict in favor of the defendants. This motion was denied and in this we think there was error. As to the railroad company there was no proof that the engine was in interstate service, and as to Blaich, such implications as might arise from his declaration to the plaintiff were so overcome by the subsequent proofs as to place the disposition of the case in the control of the court as a proposition of law rather than one of fact for the jury.

The judgment is reversed.