## HIGGINBOTHAM v. PUBLIC BELT R. COMMISSION et al.

### No. 16933.

Court of Appeal of Louisiana. Orleans.

May 16, 1938.

For prior opinion, see 181 So. 65.

Rosen, Kammer, Wolff & Farrar, of New Orleans, for appellant Public Belt R. R. Commission.

Wm. Boizelle, Asst. City Atty., of New Orleans, for appellant City of New Orleans.

John D. Nix, Jr., and Walter B. Hamlin, both of New Orleans, for appellee.

PER CURIAM.

In application for rehearing, counsel for plaintiff, with confidence, cite Fluitt v. N. C., T. & M. Ry. Co. et al., 187 La. 87, 174 So. 163. We were fully aware of that decision, but we made no reference to it because we did not consider it apposite. All that is held there is that an employee engaged not in repairing a locomotive, but in bringing alongside of it parts to be used in repairing it, is not sufficiently identified with the transportation feature of his employer's business to bring him within the coverage of the federal act. Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. This result was reached largely because of the decision rendered in Chicago & N. W. Ry. Co. v. Bolle, 284 U.S. 74, 52 S.Ct. 59, 76 L.Ed. 173, wherein the Supreme Court of the United States recognized a

relaxation in the principle announced years ago that all employees of interstate carriers engaged in interstate commerce were within the protection of the federal statute if their work had direct relationship to interstate commerce and held that it is only those who are engaged in the transportation feature of the business who are within the protection of the statute. The Supreme Court said (page 61):

"It will be observed that the word used in defining the ·test is 'transportation,' not the word 'commerce.' The two words were not regarded as interchangeable, but as conveying different meanings. Commerce covers the whole field of which transportation is only a part; and the word of narrower signification was chosen understandingly and deliberately as the appropriate term. The business of a railroad is not to carry on commerce generally. It is engaged in the transportation of persons and things in commerce; and hence the test of whether an employee at the time of his injury is engaged in interstate commerce, within the meaning of the act, naturally must be whether he was engaged in interstate transportation, or in work so closely related to such transportation as to be practically a part of it."

It has always been recognized that employees engaged in the maintenance of tracks and bridges over which pass trains engaged in the transportation feature of the carrier's business are essential to transportation as distinguished from commerce, and where both interstate and intrastate trains pass indiscriminately over such structures, there has been no departure from the rule that the employees engaged in maintaining them are engaged in interstate transportation.

In Minneapolis & St. L. R. Co. v. Winters, 242 U.S. 353, 37 S.Ct. 170, 61 L.Ed. 358, Ann.Cas.1918B, 54, cited in the Fluitt Case, the Supreme. Court of the United States considered the status of an employee injured while making repairs to a locomotive devoted sometimes to intrastate and sometimes to interstate transportation. The court held (page 172) that the character of the locomotive "as an instrument of commerce depended on its employment at the time, not upon remote probabilities or upon accidental later events," and the court distinguished between an instrumentality of that type and a fixed structure, such as a bridge of a track, saying (page 171):

"This is not like the matter of repairs upon a road permanently devoted to commerce among the states."

█ In the case at bar the employee, therefore, was engaged in the transportation feature of the employer's business, he was engaged indiscriminately in inter and intrastate work, and, therefore, was engaged in performing work in interstate transportation at the time of his death.

The rehearing applied for is refused.

Rehearing refused.