## VOELKER v. DELAWARE, L. & W. R. CO.
### No. 85.

District Court, W. D. New York.
Feb. 8, 1940.

William J. Brock, of Buffalo, N. Y. (Edward B. Horning, of Buffalo, N. Y., of counsel), for plaintiff.

Babcock, Hollister, Newbury & Russ, of Buffalo, N. Y. (Evan Hollister, of Buffalo, N. Y., of counsel), for defendant.

KNIGHT, District Judge.

This suit in negligence was tried by the court with a jury. At the close of the plaintiff's case, defendant moved for dismissal of the complaint on the ground that plaintiff had failed as a matter of law to establish facts sufficient to bring the case under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. That motion was denied. It was renewed at the close of the submission of the evidence. The court then reserved its decision pending the action of the jury. The jury found in favor of the plaintiff. The defendant then moved to set aside the verdict on the ground hereinbefore stated.

There was no question raised regarding the amount of the verdict. The evidence was ample to sustain a finding that the plaintiff suffered serious and permanent injuries. The sole question is whether plaintiff has adduced sufficient facts to establish that he was engaged in interstate commerce.

Each case presents a different set of facts. No rule can be laid down stating what facts constitute employment in interstate commerce. The test under the statute is: "Was the employee, at the time of the injury, engaged in interstate transportation, or in work so closely related to it as to be practically a part of it?" Shanks v. Delaware, L. & W. R. R. Co., 239 U.S. 556, 36 S.Ct. 188, 189, 60 L.Ed. 436, L.R.A. 1916C, 797.

In the case cited the ultimate ruling was that the issue of interstate commerce should be decided as a matter of law, the facts allowing but one finding thereon. Such a ruling is proper in a case where the facts are entirely one-sided. Baltimore & O. R. Co. v. Kast, 6 Cir., 229 F. 419, or a party having the burden of proof has failed to sustain it. Pennsylvania R. Co. v. Chamberlain, 288 U.S. 333, 53 S.Ct. 391, 77 L.Ed. 819. Likewise, where the facts are not in dispute and lead to but one con-

clusion, the court may determine the interstate issue as a matter of law. Minneapolis & St. L. R. Co. v. Winters, 242 U.S. 353, 37 S.Ct. 170, 61 L.Ed. 358, Ann.Cas.1918B, 54. However, where the facts are in dispute, and the result to be reached depends to a substantial extent upon the facts found, it is for the jury to determine the issue. Pedersen v. Delaware, L. & W. R. R. Co., 229 U.S. 146, 33 S.Ct. 648, 57 L.Ed. 1125, Ann.Cas.1914C, 153; Pennsylvania Co. v. Donat, 239 U.S. 50, 36 S.Ct. 4, 60 L.Ed. 139; Southern Ry. Co. v. Lloyd, 239 U.S. 496, 36 S.Ct. 210, 60 L.Ed. 402; Erie R. Co. v. Krysienski, 2 Cir., 238 F. 142.

A suit should not be taken from the jury, unless, as a matter of law, no recovery can be had under any interpretation which can be properly taken of the facts which the evidence tends to establish. Texas & Pacific Ry. Co. v. Cox, 145 U.S. 593, 12 S.Ct. 905, 36 L.Ed. 829.

While the engine in question was inactive at the time plaintiff was injured, it seems to me that, under the circumstances shown, the employment was such that the jury could find upon the evidence that plaintiff was then employed in work so closely related to interstate commerce "as to be practically a part of it." The jury was justified in finding that this engine was used from day to day in the transportation of trains largely composed of cars being moved in interstate commerce. There was testimony that the function of this locomotive was to haul trains made up with interstate shipments. The evidence shows its use from day to day in such service. There is nothing to show its use otherwise. Prior to the accident in question the locomotive was engaged from 11 P. M. on June 27, 1937, to 12:55 P. M. on June 28, in hauling cars, mainly interstate. It left the roundhouse after its repairs at 1:10 P. M. on June 29, after which it returned to the same type of duty. The work done on the engine consisted of cleaning the firebox, boiler wash and light running repairs. Plaintiff was actively engaged in working on the engine at the time of his injury. The finding may well have been that the repairs and the boiler wash were made necessary by the activity of the engine in its previous work. The jury may well have found, under the evidence, that the engine was not out of service. Testimony offered by the defendant that the engine was available for use for interstate service is of no moment in the light of other facts.

I have examined with some care all of the authorities presented upon this motion by respective counsel. Arguments of some substance, based upon court decisions, have been presented by the defendant. Particular stress in this motion is laid upon three cases: Zmuda v. Delaware, L. & W. R. R. Co., 243 App.Div. 827, 278 N.Y.S. 138; 268 N.Y. 659, 198 N.E. 544; Delaware, L. & W. R. Co. v. Industrial Board, 297 U.S. 707, 56 S.Ct. 498, 80 L.Ed. 995; Minneapolis & St. Louis R. Co. v. Winters, 242 U.S. 353, 37 S.Ct. 170, 61 L.Ed. 358, Ann.Cas.1918B, 54; and Onley v. Lehigh Valley R. R. Co., 2 Cir., 36 F.2d 705. The argument of the defendant is directed particularly to the Zmuda case. It seems to me this case is distinguishable in that the service in which Zmuda was engaged when injured is farther removed from employment incidental to interstate commerce than was that of this plaintiff. The Referee found, and his finding was sustained throughout, that Zmuda was not engaged in interstate commerce, since he had no control over the engine and was not working on it. The other cases are easily distinguishable.

The facts in the present case are comparable to those of New York C. R. Co. v. Marcone, 281 U.S. 345, 50 S.Ct. 294, 74 L.Ed. 892, where it was held that one employed in lubricating, in a roundhouse, an engine that had last been used in hauling interstate trains was engaged in interstate commerce. This case was cited with approval in New York, N. H. & H. R. R. Co. v. Bezue, 284 U.S. 415, 52 S.Ct. 205, 207, 76 L.Ed. 370, 77 A.L.R. 1370. In the last-mentioned case the injury occurred while an employee was working on an engine which was being given "out of service" repairs. Speaking of the Marcone case, the court said: "The length of the period during which the locomotive was withdrawn from service and the extent of the repairs * * * stamp the engine as no longer an instrumentality of or intimately connected with interstate activity, and distinguish such cases as New York Central R. Co. v. Marcone, 281 U.S. 345, 50 S.Ct. 294, 74 L.Ed. 892, where the injured employee was oiling a locomotive which had shortly before entered the roundhouse after completing an interstate run."

It seems to me under all the evidence in the case that the jury could properly find, as it did, that this employment was in interstate commerce.

The motion is denied.