**Bertha ARBER et al., Plaintiffs,**

v.

**ESSEX WIRE CORPORATION et al., Defendants.**

**No. C 66–814.**

United States District Court,
N. D. Ohio, E. D.

May 8, 1971.

Edward I. Stillman, Cleveland, Ohio, for plaintiffs.

H. Stephen Madsen, Baker, Hostetler & Patterson, Cleveland, Ohio, Samuel A.

7. Chappell & Co. v. Frankel, 367 F.2d 197, 202 (2d Cir. 1966).

Haubold, Fred H. Bartlit, Jr., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

LAMBROS, District Judge.

This is a cause of action instituted under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b). This statute reads as follows:

"It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange—

.     .     .     .     .     .

(b) To use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors."

The defendants have moved to dismiss the complaint upon the ground there is a lack of subject matter jurisdiction over the instant case. In particular, the defendants contend that the transaction which is the basis of the instant case does not involve the "use of any means or instrumentality of interstate commerce or of the mails or of any facility of any national securities exchange" as required by 15 U.S.C. § 78j(b). As such, the Court does not have subject matter jurisdiction over this cause of action.

The Court held an evidentiary hearing on the issues raised by the motion of the defendants. The Court rules as follows in regard to these issues.

## WHETHER OR NOT JURISDICTION CAN BE BASED UPON THE INTRASTATE TELEPHONIC COMMUNICATIONS BETWEEN THE PARTIES.

From evidence adduced at the evidentiary hearing, the Court finds that there were telephonic communications between the parties in the instant case. These telephonic communications took place solely in Fort Wayne, Indiana. The communications were over the lines and facilities of the General Telephone Company of Indiana. Moreover, these telephone coversations are related to the alleged fraudulent scheme which is the basis for the present cause of action.

Thus, the basic issue is whether or not these intrastate telephonic communications are sufficient to support jurisdiction over the instant case. There are divergent views on this question. On the one hand, there are cases which either directly hold or in dictum state that intrastate telephone calls satisfy the jurisdictional requirements. Lawrence v. SEC, 398 F.2d 276, 279 n.2 (1st Cir. 1968); Myzel v. Fields, 386 F.2d 718, 727–728 (8th Cir. 1967); Lennerth v. Mendenhall, 234 F.Supp. 59, 63 (N.D. Ohio 1964); Nemitz v. Cunny, 221 F. Supp. 571, 575 (N.D.Ill.1963). On the other hand, the case of Rosen v. Albern Color Research, Inc., 218 F.Supp. 473 (E.D.Pa.1963) has held that purely intrastate telephone calls do not meet the requirements of jurisdiction of 15 U.S.C. § 78j. The Court has reviewed the above authorities and, for the following reasons, concludes that purely intrastate telephone calls are insufficient to establish jurisdiction under 15 U.S.C. § 78j(b).

For one, the Court finds the rationale of the Rosen case, which follows, to be persuasive and adopts it as its own:

"The telephone is, of course, an instrument of interstate commerce. 15 C.J.S., Commerce § 41. It is as well an instrument of intrastate commerce. 'The question as to whether a particular instrumentality is one of interstate commerce is to be determined by the use to which it is put, rather than its nature.' Id., § 34. In the phrase of Mr. Justice Holmes, dealing in like context with a locomotive, 'Its character as an instrument of commerce depended on its employment at the time not upon remote probabilities or upon accidental later events.' Minne-

apolis & St. Louis R. R. Co. v. Winters, 242 U.S. 353, 37 S.Ct. 170, 172, 61 L.Ed. 358 (1917).

"Since the telephone was concededly employed here to effect a purely local transaction, and not in interstate commerce, it was not an instrumentality of interstate commerce. Neither the fact that the telephone was susceptible to use for interstate communication, nor the fact that the wires carrying the conversations were, in part, used for interstate calls on other occasions has, in our view, any controlling significance." Rosen v. Albern Color Research, Inc., 218 F.Supp. 473, 476 (E. D.Pa.1963).

A further reason is that, even assuming the leading case of Myzel v. Fields, is controlling, the plaintiffs have failed to establish that the General Telephone Company of Indiana was an integral part of an interstate system. The evidence, in this regard, reflects that one could not directly make or receive out-of-state phone calls. The lines of the General Telephone Company of Indiana were not connected to an interstate network. A long distance call had to be placed through an American Telephone and Telegraph long distance operator who made the necessary connections. Thus, even under the approach of the *Myzel* case, the plaintiffs have not established the requisite jurisdiction.

The final reason is a policy one. If the Court would hold otherwise, the jurisdiction of the federal courts would be considerably expanded. Any telephone call in connection with the fraudulent sale or purchase of stock would give rise to federal jurisdiction. One can imagine the vast increase in filings in the federal district having jurisdiction over New York City, New York (the Southern District of New York) as well as in the districts having jurisdiction over other commercial centers where stock is actively traded.

## WHETHER OR NOT JURISDICTION CAN BE PREDICATED UPON THE USE OF THE MAILS IN THE CLEARING HOUSE PROCESS.

The issue for consideration is whether or not the use of the mails in connection with the clearing house process is sufficient to satisfy the jurisdictional requirement of the security laws. The cases are also split on this issue. On the one hand, the cases of Darwin v. Jess Hickey Oil Corp., 153 F.Supp. 667 (N.D. Tex. 1957) and United States v. Robertson, 181 F.Supp. 158 (S.D.N.Y.1959) hold that the use of the mails in this regard is not sufficient. See also the recent opinion of Chief Judge Battisti in the case of Brown v. Essex Wire Corp., Case No. C 67–890 (N.D.Ohio Nov. 21, 1969). On the other hand, the case of Lawrence v. SEC, 398 F.2d 276 (8th Cir. 1968), Little v. United States, 331 F.2d 287 (8th Cir. 1964) and Stevens v. Vowell, 343 F.2d 374 (10th Cir. 1965) hold that the use of the mails in the clearing house process can support the jurisdictional prerequisites.

The Court has examined the various authorities and concurs in the holding of Chief Judge Battisti in the companion case of Brown v. Essex Wire Corp. that the use of the mails in the clearing house process cannot support jurisdiction.

In view of the failure of the plaintiffs to establish jurisdiction on this ground or on the ground of the intrastate use of the telephone, the Court dismisses the complaint as to the cause of action predicated upon violation of the security laws.